*** FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER ***

 Electronically Filed
 Supreme Court
 SCWC-12-0000870
 17-DEC-2013
 07:53 AM

 IN THE SUPREME COURT OF THE STATE OF HAWAI#I

 ---o0o---
________________________________________________________________

 ASSOCIATION OF CONDOMINIUM HOMEOWNERS OF TROPICS AT WAIKELE,
 by its Board of Directors, Respondent/Plaintiff-Appellee,

 vs.

 PATSY NAOMI SAKUMA,
 Petitioner/Defendant-Appellant,

 and

FIRST HAWAIIAN BANK, a Hawai#i corporation; and WAIKELE COMMUNITY
 ASSOCIATION, a Hawai#i nonprofit corporation,
 Respondents/Defendants-Appellees.
________________________________________________________________

 SCWC-12-0000870

 CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
 (CAAP-12-0000870; CIV. NO. 07-1-1487)

 DECEMBER 17, 2013

 ACOBA, McKENNA, AND POLLACK, JJ.,
AND CIRCUIT JUDGE KUBO, IN PLACE OF RECKTENWALD, C.J., RECUSED,
 WITH NAKAYAMA, ACTING C.J., DISSENTING
 *** FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER ***

 OPINION OF THE COURT BY McKENNA, J.

 Petitioner/Defendant-Appellant, Patsy Naomi Sakuma

(“Sakuma”) seeks review of the Intermediate Court of Appeals’

January 11, 2013 order dismissing Sakuma’s appeal for lack of

appellate jurisdiction. Sakuma appealed from the Circuit Court

of the First Circuit’s May 29, 2012 judgment on the order

confirming the sale of a foreclosed property. The Intermediate

Court of Appeals (“ICA”) dismissed the appeal for lack of

appellate jurisdiction because it determined that Sakuma’s appeal

was untimely under Rule 4(a)(1) and 4(a)(3) of the Hawai#i Rules

of Appellate Procedure (“HRAP”).

 For the reasons set forth below, we hold that the ICA

had jurisdiction. Accordingly, we vacate the ICA’s dismissal

order and remand to the ICA for further proceedings consistent

with this opinion.

 I. FACTUAL AND PROCEDURAL BACKGROUND

 In 2007, the Association of Condominium Homeowners of

Tropics at Waikele (“AOAO”) commenced a judicial foreclosure on

Sakuma’s condominium unit after she failed to pay her maintenance

fees and other association dues. On June 10, 2008, the Circuit

Court of the First Circuit (“circuit court”) entered a default

 2
 *** FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER ***

judgment and foreclosure decree.1 The circuit court confirmed

the sale to a third-party bidder on August 31, 2010. The winning

bidder subsequently withdrew his offer due to a delay in closing.

The circuit court permitted the auction to be reopened and

confirmed the sale to a new third-party purchaser by order and

judgment entered on May 29, 2012.2

 On June 7, 2012, Sakuma timely filed a Hawai#i Rules of

Civil Procedure (“HRCP”) Rule 59 motion for reconsideration on

the May 29, 2012 order and judgment confirming the foreclosure

sale. The circuit court did not rule on the motion within ninety

days. On October 16, 2012, Sakuma appealed the May 29, 2012

judgment.

 On January 11, 2013, the ICA dismissed Sakuma’s appeal

for lack of jurisdiction because it determined that her appeal

was untimely under HRAP Rules 4(a)(1) and 4(a)(3). According to

the ICA, Sakuma failed to timely appeal following the deemed

denial of a post-judgment tolling motion. The circuit court did

not issue a decision on Sakuma’s motion for reconsideration

within ninety days. As a result, the motion was automatically

 1
 The Honorable Karen N. Blondin presided.

 2
 The Honorable Bert I. Ayabe presided.

 3
 *** FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER ***

deemed denied under HRAP Rule 4(a)(3) on September 5, 2012. The

ICA determined that HRAP Rule 4(a)(3) required Sakuma to file her

notice of appeal by October 5, 2012, thirty days after the deemed

denial of her motion; she filed her appeal on October 16, 2012,

which it deemed untimely.

 II. STANDARD OF REVIEW

A. Jurisdiction

 “The existence of jurisdiction is a question of law

that we review de novo under the right/wrong standard.” State v.

Bohannon, 102 Hawai#i 228, 232, 74 P.3d 980, 984 (2003) (quoting

Amantiad v. Odum, 90 Hawai#i 152, 158, 977 P.2d 160, 166 (1999))

(internal citation and quotation marks omitted).

B. Interpretation of Court Rules

 “The interpretation of a rule promulgated by the courts

involves principles of statutory construction.” Cresencia v.

Kim, 85 Hawai#i 334, 335-36, 944 P.2d 1277, 1278-79 (1997)

(citing Price v. Obayashi Hawaii Corp., 81 Hawai#i 171, 176, 914

P.2d 1364, 1369 (1996)). “[T]he interpretation of a statute . . .

is a question of law reviewable de novo.” Bohannon, 102 Hawai#i

at 232, 74 P.3d at 984 (2003) (citations omitted).

 4
 *** FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER ***

 III. DISCUSSION

 The time for filing a notice of appeal is governed by

HRAP Rule 4 (as amended in 2012), which provides in relevant

part:

 (a) Appeals in Civil Cases.
 (1) When a civil appeal is permitted by law, the notice of
 appeal shall be filed within 30 days after entry of the
 judgment or appealable order.
 . . .
 (3) If any party files a timely motion for judgment as a
 matter of law, to amend findings or make additional
 findings, for a new trial, to reconsider, alter or amend the
 judgment or order, or for attorney’s fees or costs, the time
 for filing the notice of appeal is extended until 30 days
 after entry of an order disposing of the motion; provided,
 that the failure to dispose of any motion by order entered
 upon the record within 90 days after the date the motion was
 filed shall constitute a denial of the motion.

(emphasis added).

 Under HRAP Rule 4(a)(3), a timely post-judgment motion

tolls the time to file a notice of appeal until thirty days after

the entry of an order disposing of the motion. When Sakuma filed

her June 7, 2012 motion for reconsideration within ten days after

entry of the May 29, 2012 judgment, she extended the thirty-day

time period under HRAP Rule 4(a)(1) for filing a notice of

appeal. Pursuant to HRAP Rule 4(a)(3), the deadline was extended

until thirty days after entry of an order disposing of the

motion.

 5
 *** FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER ***

 The ICA determined that Sakuma’s appeal was untimely

because she did not file the notice of appeal within thirty days

after her motion for reconsideration was deemed denied. However,

HRAP Rule 4(a)(1) requires an entry of an order to trigger the

thirty-day appeal period in HRAP Rule 4(a)(3).

 “The fundamental starting point for statutory

interpretation is the language of the statute itself.” Awakuni

v. Awana, 115 Hawai#i 126, 133, 165 P.3d 1027, 1034 (2007)

(citation omitted). “[C]ourts are bound to give effect to all

parts of a statute, and that no clause, sentence, or word shall

be construed as superfluous, void, or insignificant if a

construction can be legitimately found which will give force to

and preserve all words of the statute.” Keliipuleole v. Wilson,

85 Hawai#i 217, 221, 941 P.2d 300, 304 (1997) (citations

omitted). In defining “entry of judgment or order,” HRAP Rule

4(a)(5) clearly states, “a judgment or order is entered when it

is filed in the office of the clerk of the court.” The deadline

to file Sakuma’s appeal was suspended until such entry was made.

 Therefore, we hold that when a timely post-judgment

tolling motion is deemed denied, it does not trigger the thirty-

day deadline for filing a notice of appeal until entry of the

 6
 *** FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER ***

judgment or appealable order pursuant to HRAP Rules 4(a)(1) and

4(a)(3).

 IV. CONCLUSION

 Based on the foregoing, we vacate the ICA’s January 11,

2013 dismissal order and remand to the ICA for further

proceedings.

Patsy Naomi Sakuma, /s/ Simeon R. Acoba, Jr.
pro se
 /s/ Sabrina S. McKenna

 /s/ Richard W. Pollack

 /s/ Edward H. Kubo, Jr.

 7