944 P.2d 1277

Jean B. CRESENCIA, Juliana A. Cresencia, and Manuel B. Cresencia, Plaintiffs–Appellants,

and

Candida B. Cresencia, Perla C. Gamboa, Emma B. Cresencia, and Veronica B. Cresencia, Plaintiffs,

v.

Rebecca B. KIM, Robert Y.H. Kim, Jr., Robert M. Takeuchi, Malia Enterprises, and Spectrum Properties, Inc., Defendants,

and

Preston A. Gima, William A. Harrison, and Keith A. Matsuoka, formerly known as Gima, Harrison & Matsuoka, Attorneys–At–Law, Real–Parties–In–Interest–Appellees.

No. 20520.

Supreme Court of Hawai'i.

Sept. 10, 1997.

Gregory T. Grab, Honolulu, for plaintiffs-appellants Jean B. Cresencia, Juliana A. Cresencia and Manuel B. Cresencia.

Law Office of Preston A. Gima, Honolulu, for real-party-in-interest-appellee Preston A. Gima.

Law Offices of William A. Harrison and Keith A. Matsuoka, Honolulu, for real-parties-in-interest-appellees William A. Harrison and Keith A. Matsuoka.

Before MOON, C.J., LEVINSON, NAKAYAMA and RAMIL, JJ., and Circuit Court Judge MILKS, in place of KLEIN, J., Recused.

PER CURIAM.

The plaintiffs-appellants Jean, Juliana, and Manuel Cresencia (the Cresencias) appeal from a post-judgment order denying a motion for return of monies garnished under a deficiency judgment. After the parties filed their statements of jurisdiction, we dismissed the Cresencias' appeal as untimely, determining that the circuit court had incorrectly computed the period of time for appeal when it granted the Cresencias an extension of time.

The Cresencias timely moved for reconsideration of the order of dismissal. Their argument on reconsideration concerns the application of the "Saturday, Sunday, or legal holiday" provision of Hawaii Rules of Appellate Procedure (HRAP) Rule 26(a) (1984) to computations of extensions of time to appeal under HRAP 4(a)(5) (1985).

For the reasons set forth below, we grant the motion for reconsideration and reinstate the Cresencias' appeal.

## I. BACKGROUND

The Cresencias obtained a $291,647 judgment against the defendants-Appellees Robert and Rebecca Kim as damages for breach of an agreement of sale and emotional distress. On appeal from the judgment, the Intermediate Court of Appeals (ICA) affirmed the award of damages for breach of contract, but reversed the award of damages for emotional distress. *Cresencia v. Kim*, 10 Haw.App. 461, 878 P.2d 725, *cert. denied*, 77 Hawai'i 373, 884 P.2d 1149 (1994). The ICA also affirmed a July 8, 1991 order of the circuit court vacating a $167,043 deficiency judgment against the Cresencias, which was entered on the Kims' counterclaim for breach of a sub-agreement of sale. In vacating the deficiency judgment, the circuit court ordered the return of all monies garnished from the Cresencias under the deficiency judgment.

Upon the ICA's affirmance of the July 8, 1991 order, the Cresencias filed a motion in the circuit court for an order compelling the return of $9,463 garnished under the deficiency judgment. On December 27, 1996, the circuit court entered an order denying the Cresencias' motion with prejudice after their attorney failed to appear at the hearing on the motion. On January 21, 1997, the Cresencias moved to vacate the December 27, 1996 order.

On January 24, 1997, pursuant to HRAP 4(a)(5), the Cresencias filed a timely *ex parte* motion for an extension of time to appeal the December 27, 1996 order, on the ground that the motion to vacate had not been decided. By order entered January 24, 1997, the circuit court granted the motion and extended the time within which an appeal could be taken to February 26, 1997.

On February 26, 1997, after the circuit court issued a minute order denying their motion to vacate, the Cresencias filed a notice of appeal from the December 27, 1996 order. We *sua sponte* dismissed the appeal as untimely, determining that the notice of appeal had been filed one day beyond the period for appeal authorized by HRAP 4(a)(5).

The Cresencias timely moved for reconsideration of this court's order of dismissal. On reconsideration, they contend that the provision of HRAP 26(a) governing the computation of time applies to the calculation of extensions of time to appeal under HRAP 4(a)(5) and that its application renders their appeal timely.

## II. DISCUSSION

■ The interpretation of a rule promulgated by the courts involves principles of statutory construction. *Price v. Obayashi Hawaii Corp.*, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996). Where the language of a statute is plain and unambiguous, our sole duty is to give effect to its plain and obvious

meaning. *In re Tax Appeal of Maile Sky Court Co.,* 85 Hawai‘i 36, 39, 936 P.2d 672, 675 (1997).

HRAP 4(a)(1) (1985) provides in relevant part that, "[i]n a civil case ..., the notice of appeal required by Rule 3 shall be filed by a party with the clerk of the court or agency appealed from within 30 days after the date of entry of the judgment or order appealed from." HRAP 4(a)(5) provides in relevant part that "[t]he court or agency appealed from ... may extend the time for filing a notice of appeal.... No such extension shall exceed 30 days past [the time prescribed by HRAP 4(a)(1)] or 10 days from the date of entry of the order granting the motion [for extension of time], whichever occurs later." HRAP 26(a), entitled "[c]omputation of time," provides:

> In computing *any period of time prescribed by these rules,* an order of court, or any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. *The last day of the period shall be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period extends until the end of the next day which is not a Saturday, Sunday, or a legal holiday.* When the period of time prescribed or allowed is less than 7 days, any intervening Saturday, Sunday, or legal holiday shall be excluded in the computation.

(Emphases added).

By its plain and unambiguous terms, HRAP 26(a) applies when "computing *any period of time* prescribed by these rules." (Emphasis added.) "These rules" mean all of the rules included within the HRAP.

Extending the period of time for appeal in a civil case entails a two-step process. The first step involves computing the time for appeal initially prescribed by HRAP 4(a)(1). The second step involves computing the period by which the time for appeal is extended by HRAP 4(a)(5). Because HRAP 26(a) governs the computation of any period of time prescribed by the HRAP, it necessarily applies to both steps of the foregoing computation.

In extending the time for the Cresencias' appeal of the circuit court's December 27, 1996 order, the first step involved a calculation of the original period for appeal prescribed under HRAP 4(a)(1). Counting thirty days from December 27, 1996, the original period for appeal would have run on January 26, 1997. January 26, 1997, however, was a Sunday. Thus, applying HRAP 26(a), the original period for appeal automatically extended to the end of the next business day, *i.e.,* Monday, January 27, 1997. In accordance with the second step, HRAP 4(a)(5) extended the period for appeal by an additional thirty days. The original appeal period having run on January 27, 1997 by operation of HRAP 26(a), the thirtieth day thereafter was February 26, 1997.

The circuit court extended the Cresencias' period for appeal to February 26, 1997, and the Cresencias filed their notice of appeal on that day. Thus, the extended period of time for appeal was correctly computed, and the notice of appeal was timely filed.

### III.  CONCLUSION

For the foregoing reasons, the Cresencias' motion for reconsideration is granted, the May 13, 1997 order of dismissal is vacated, and the Cresencias' appeal is reinstated.