254

318 P.3d 94

ASSOCIATION OF CONDOMINIUM HOMEOWNERS OF TROPICS AT WAIKELE, by its BOARD OF DIRECTORS, Respondent/Plaintiff–Appellee,

v.

Patsy Naomi SAKUMA, Petitioner/Defendant– Appellant,

and

First Hawaiian Bank, a Hawai'i corporation; and Waikele Community Association, a Hawai'i nonprofit corporation, Respondents/Defendants–Appellees.

No. SCWC–12–0000870.

Supreme Court of Hawai'i.

Dec. 17, 2013.

Patsy Naomi Sakuma, pro se.

ACOBA, McKENNA, and POLLACK, JJ., and Circuit Judge KUBO, in place of RECKTENWALD, C.J., recused, with NAKAYAMA, Acting C.J., dissenting.

Opinion of the Court by McKENNA, J.

Petitioner/Defendant–Appellant, Patsy Naomi Sakuma ("Sakuma") seeks review of the Intermediate Court of Appeals' January 11, 2013 order dismissing Sakuma's appeal for lack of appellate jurisdiction. Sakuma appealed from the Circuit Court of the First Circuit's May 29, 2012 judgment on the order confirming the sale of a foreclosed property. The Intermediate Court of Appeals ("ICA") dismissed the appeal for lack of appellate jurisdiction because it determined that Sakuma's appeal was untimely under Rule 4(a)(1) and 4(a)(3) of the Hawai'i Rules of Appellate Procedure ("HRAP").

For the reasons set forth below, we hold that the ICA had jurisdiction. Accordingly, we vacate the ICA's dismissal order and remand to the ICA for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2007, the Association of Condominium Homeowners of Tropics at Waikele ("AOAO") commenced a judicial foreclosure on Sakuma's condominium unit after she failed to pay her maintenance fees and other association dues. On June 10, 2008, the Circuit Court of the First Circuit ("circuit court") entered a default judgment and foreclosure decree.[1] The circuit court confirmed the sale to a third-party bidder on August 31, 2010. The winning bidder subsequently withdrew his offer due to a delay in closing. The circuit court permitted the auction to be reopened and confirmed the sale to a new third-party purchaser by order and judgment entered on May 29, 2012.[2]

On June 7, 2012, Sakuma timely filed a Hawai'i Rules of Civil Procedure ("HRCP") Rule 59 motion for reconsideration on the May 29, 2012 order and judgment confirming the foreclosure sale. The circuit court did not rule on the motion within ninety days. On October 16, 2012, Sakuma appealed the May 29, 2012 judgment.

On January 11, 2013, the ICA dismissed Sakuma's appeal for lack of jurisdiction because it determined that her appeal was untimely under HRAP Rules 4(a)(1) and 4(a)(3). According to the ICA, Sakuma failed to timely appeal following the deemed denial of a post-judgment tolling motion. The circuit court did not issue a decision on Sakuma's motion for reconsideration within ninety days. As a result, the motion was automatically deemed denied under HRAP Rule 4(a)(3) on September 5, 2012. The ICA determined that HRAP Rule 4(a)(3) required Sakuma to file her notice of appeal by October 5, 2012, thirty days after the deemed denial of her motion; she filed her appeal on October 16, 2012, which it deemed untimely.

## II. STANDARD OF REVIEW

### A. Jurisdiction

"The existence of jurisdiction is a question of law that we review *de novo* under the right/wrong standard." *State v. Bohannon,* 102 Hawai'i 228, 232, 74 P.3d 980, 984 (2003) (quoting *Amantiad v. Odum,* 90 Hawai'i 152, 158, 977 P.2d 160, 166 (1999)) (internal citation and quotation marks omitted).

### B. Interpretation of Court Rules

"The interpretation of a rule promulgated by the courts involves principles of statutory construction." *Cresencia v. Kim,* 85 Hawai'i 334, 335–36, 944 P.2d 1277, 1278–79 (1997) (citing *Price v. Obayashi Hawaii Corp.,* 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996)). "[T]he interpretation of a statute ... is a question of law reviewable *de novo.*" *Bohannon,* 102 Hawai'i at 232, 74 P.3d at 984 (2003) (citations omitted).

## III. DISCUSSION

The time for filing a notice of appeal is governed by HRAP Rule 4 (as amended in 2012), which provides in relevant part:

(a) Appeals in Civil Cases.

(1) When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order.

. . .

---

1. The Honorable Karen N. Blondin presided.

2. The Honorable Bert I. Ayabe presided.

(3) If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after <u>entry of an order</u> disposing of the motion; provided, that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.

(emphasis added).

Under HRAP Rule 4(a)(3), a timely post-judgment motion tolls the time to file a notice of appeal until thirty days after the entry of an order disposing of the motion. When Sakuma filed her June 7, 2012 motion for reconsideration within ten days after entry of the May 29, 2012 judgment, she extended the thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal. Pursuant to HRAP Rule 4(a)(3), the deadline was extended until thirty days after <u>entry of an order</u> disposing of the motion.

The ICA determined that Sakuma's appeal was untimely because she did not file the notice of appeal within thirty days after her motion for reconsideration was deemed denied. However, HRAP Rule 4(a)(1) requires an entry of an order to trigger the thirty-day appeal period in HRAP Rule 4(a)(3).

■ "The fundamental starting point for statutory interpretation is the language of the statute itself." *Awakuni v. Awana*, 115 Hawai'i 126, 133, 165 P.3d 1027, 1034 (2007) (citation omitted). "[C]ourts are bound to give effect to all parts of a statute, and that no clause, sentence, or word shall be construed as superfluous, void, or insignificant if a construction can be legitimately found which will give force to and preserve all words of the statute." *Keliipuleole v. Wilson*, 85 Hawai'i 217, 221, 941 P.2d 300, 304 (1997) (citations omitted). In defining "entry of judgment or order," HRAP Rule 4(a)(5) clearly states, "a judgment or order is entered when it is filed in the office of the clerk of the court." The deadline to file Sakuma's appeal was suspended until such entry was made.

■ Therefore, we hold that when a timely post-judgment tolling motion is deemed denied, it does not trigger the thirty-day deadline for filing a notice of appeal until entry of the judgment or appealable order pursuant to HRAP Rules 4(a)(1) and 4(a)(3).

## IV. CONCLUSION

Based on the foregoing, we vacate the ICA's January 11, 2013 dismissal order and remand to the ICA for further proceedings.

Dissenting Opinion by NAKAYAMA, J.

I must respectfully dissent from the majority's holding that the Intermediate Court of Appeals (ICA) had jurisdiction over Sakuma's appeal. I believe that the majority misreads the Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(3). When the filing deadlines contained in HRAP Rule 4(a)(3) are properly applied, Sakuma's notice of appeal was untimely and the ICA therefore lacked jurisdiction over her appeal.

"An appeal shall be taken in the manner and within the time provided by the rules of court." Hawai'i Revised Statutes (HRS) § 641–1(c). For every appeal, the appellate court must first determine whether it has jurisdiction. *Poe v. Haw. Labor Relations Bd.*, 98 Hawai'i 416, 418, 49 P.3d 382, 384 (2002). " 'An appellant's failure to file a timely notice of appeal is a jurisdictional defect that can neither be waived by the parties nor disregarded by the court in exercise of judicial discretion.' " *Id.* (quoting *Wong v. Wong*, 79 Hawai'i 26, 29, 897 P.2d 953, 956 (1995)). The appellate court must dismiss an appeal if it lacks jurisdiction. *Ditto v. McCurdy*, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003).

Generally, "[w]hen a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order." HRAP Rule 4(a)(1). However, pursuant to HRAP Rule 4(a)(3):

If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, the

time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided, that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.

Under the majority's reading of HRAP Rule 4(a)(3), the "deemed denial" of a post-judgment motion upon a failure of the court to enter an order disposing of the motion does not constitute an "order disposing of the motion." Thus, the majority concludes that after the filing of a post-judgment motion, the time for filing an appeal is extended until 30 days after the court actually files an order with the clerk of the court disposing of the motion, regardless of any earlier "deemed denial" of the motion.

The majority quotes *Keliipuleole v. Wilson,* 85 Hawai'i 217, 221, 941 P.2d 300, 304 (1997), for the guiding principles in interpreting rules and statutes: "[C]ourts are bound to give effect to all parts of a statute, and that no clause, sentence, or word shall be construed as superfluous, void, or insignificant if a construction can be legitimately found which will give force to and preserve all words of the statute." 85 Hawai'i at 221, 941 P.2d at 304. The majority's reading of HRAP Rule 4(a)(3) disregards this principle of statutory construction and renders the second clause of the rule superfluous. Under the majority's interpretation, a "deemed denial" is not ripe for appeal until the court affirmatively issues an order disposing of the post-judgment motion. By stating that a "deemed denial" is not an "order disposing of the motion," the "deemed denial" is stripped of all legal effect.

The majority's reading also disregards the role of HRAP Rule 4(a)(3)'s second clause in modifying and clarifying the general rule contained in the first clause. The first clause states that a post-judgment motion extends the time for filing a notice of appeal to 30 days after the court enters an order disposing of the motion. The second clause clarifies that the circuit court only has 90 days to dispose of a post-judgment motion, and that after 90 days the motion is "deemed denied." These clauses are linked by the term "pro-vided.". Black's Law Dictionary defines "provided" as: (1) "On the condition or understanding"; (2) "Except"; and (3) "And." *Black's Law Dictionary* 1345 (9th ed. 2009). Applying these common definitions, it is apparent that the "deemed denial" after 90 days, contained in the second clause, is meant to clarify and create an exception to the general practice of disposing of a motion by order. As these two clauses are meant to be read in conjunction, the proper reading of HRAP Rule 4(a)(3) is that the filing of a post-judgment motion extends the deadline for filing an appeal until 30 days after the disposition of the motion by order <u>or by</u> <u>"deemed denial.</u>"

Applying this reading of HRAP Rule 4(a)(3) to this case, Sakuma's appeal was untimely. Sakuma filed her motion for reconsideration in the circuit court on June 7, 2012. The circuit court failed to rule upon her motion within the 90–day period and her motion was "deemed denied" on September 5, 2012. Pursuant to HRAP Rule 4(a)(3), Sakuma's motion for reconsideration tolled the time for filing the appeal until 30 days after the "deemed denial." Therefore, the deadline for filing the notice of appeal was October 5, 2012. Sakuma's October 16, 2012 notice of appeal was untimely and the ICA therefore lacked jurisdiction over her appeal.