***NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER***

Electronically Filed
Supreme Court
SCWC-12-0000711
24-JAN-2014
09:49 AM

SCWC-12-0000711

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

TITLE GUARANTY ESCROW SERVICES, INC.,
a Hawai'i corporation, Respondent/Plaintiff-Appellee,

vs.

MICHAEL J. SZYMANSKI, Petitioner/Defendant,
Cross-Claimant, Third-Party Plaintiff,
Third-Party Counterclaim Defendant-Appellant,

and

WAILEA RESORT COMPANY, LTD., a Hawai'i corporation,
Respondent/Defendant, Cross-Claim Defendant-Appellee,

and

ADOA-SHINWA DEVELOPMENT CORPORATION, a Hawai'i corporation, and
SHINWA GOLF HAWAI'I CO., LTD., a Hawai'i corporation,
Third-Party Counterclaimants-Appellees.

---

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-12-0000711; CIV. NO. 02-1-0352(2))

SUMMARY DISPOSITION ORDER
(By: Acoba, McKenna, and Pollack, JJ., and
Circuit Judge Wilson in place of Recktenwald, C.J., recused,
with Nakayama, Acting C.J., dissenting)

Petitioner/Defendant, Michael J. Szymanski (Szymanski)

seeks review of the Intermediate Court of Appeals' (ICA) April

24, 2013 order dismissing Szymanski's appeal for lack of appellate jurisdiction.  Based upon our holding in <u>Association of Condominium Homeowners of Tropics at Waikele v. Sakuma</u>, No. SCWC-12-870, 2013 WL 6633990 (Dec. 17, 2013), we vacate the ICA's dismissal order and remand to the ICA for further proceedings consistent with this opinion.

In 1999, Szymanski and Wailea Resort Company, Ltd. (Wailea) entered into a land sales contract for the sale of property in Honuaʻula, Maui.  Escrow was opened with Title Guaranty Escrow Services, Inc. ("Title Guaranty") and Szymanski deposited money into the escrow account.  In 2001, the transaction was cancelled.  Wailea and Szymanski could not agree on the disposition of the escrow funds.  As a result, Title Guaranty filed an interpleader action in the Circuit Court of the Second Circuit (circuit court) against them.

Szymanski filed a cross-claim against Wailea and a third-party complaint against ADOA-Shinwa Development Corp. and Shinwa Golf Hawaiʻi Co., Ltd., seeking to enforce the real estate transaction contract.  In 2004, the Honorable Rhonda I.L. Loo granted summary judgment in favor of Wailea.  Final judgment was entered on April 20, 2005 pursuant to Hawaiʻi Rules of Civil Procedure (HRCP) Rule 54(b).

2

On October 28, 2009, Wailea and Shinwa filed a motion to expunge the lis pendens recorded by Szymanski against the subject land, for an order directing the disbursement of the interpleader funds to them, and for entry of final judgment. Judge Loo granted the motion and entered final judgment on the remaining claims on July 28, 2010.

On September 19, 2011, Szymanski moved for reconsideration of the final judgment of July 28, 2010 and the final partial judgment of April 20, 2005 under HRCP Rule 60(b). Szymanski argued that Judge Loo should have recused herself in 2004 when she heard the summary judgment motions because she held stock in a company whose wholly owned subsidiary held a conditional ownership interest in the subject land. The circuit court denied Szymanski's Rule 60(b) motion by order entered on January 4, 2012.

On January 13, 2012, Szymanski filed a motion for reconsideration on the order denying his HRCP Rule 60(b) motion. The motion was initially set to be heard on March 14, 2012. Szymanski requested a short continuance due to a scheduling conflict and the motion was continued to June 27, 2012. After the hearing, the circuit court denied the motion for reconsideration and entered a written order on July 11, 2012.

3

On August 10, 2012, Szymanski filed a notice of appeal from the January 4, 2012 order denying the Rule 60(b) motion and the July 11, 2012 order denying the motion for reconsideration. On April 24, 2013, the ICA dismissed the appeal as untimely under Hawaiʻi Revised Statutes (HRS) § 641-1 (1993 & Supp. 2012) and Hawaiʻi Rules Of Appellate Procedure (HRAP) Rules 4(a)(1) and 4(a)(3). According to the ICA, Szymanski "did not file his August 10, 2012 notice of appeal within thirty days after the April 12, 2012 HRAP Rule 4(a)(3) deemed denial of [his] January 13, 2012 HRCP Rule 59 motion for reconsideration, as HRAP Rule 4(a)(3) required for a timely appeal."

In Sakuma, this court held that when a timely post-judgment tolling motion is deemed denied, it does not trigger the thirty-day deadline for filing a notice of appeal until entry of the judgment or appealable order pursuant to HRAP 4(a)(1) and 4(a)(3). Association of Condominium Homeowners of Tropics at Waikele v. Sakuma, No. SCWC-12-870, 2013 WL 6633990, at *2.

Therefore, IT IS HEREBY ORDERED that the ICA's April 24, 2013 Order (1) Denying March 12, 2013 Motion To Remand For Entry of Judgment and (2) Dismissing Appeal For Lack Of Appellate Jurisdiction is vacated, and this case is remanded to the ICA for further proceedings.

4

***NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER***

DATED:    Honolulu, Hawaiʻi, January 24, 2014.

Keith M. Kiuchi,                    /s/  Simeon R. Acoba, Jr.
for petitioner
                                    /s/  Sabrina S. McKenna

                                    /s/  Richard W. Pollack

                                    /s/  Michael D. Wilson