351 P.3d 584

**DEUTSCHE BANK NATIONAL TRUST COMPANY, a National Banking Association, as Trustee of the IndyMac INDX Mortgage Loan Trust 2006–AR12, Mortgage Pass–Through Certificates Series 2006–AR12, Under the Pooling and Servicing Agreement Dated July 1, 2006, Respondent/Plaintiff–Appellee,**

v.

**Ronald Pajela AMASOL and Jean Louise Morales Amasol, Petitioners/Defendants–Appellants.**

No. SCWC–13–0000040.

Supreme Court of Hawai'i.

April 14, 2015.

Sandra D. Lynch, for petitioner.

Charles R. Prather and Sofia Hirosane McGuire, Honolulu, for respondent.

McKENNA and POLLACK, JJ., with RECKTENWALD, C.J., concurring, and NAKAYAMA, J., concurring and dissenting, with whom Circuit Judge CHANG, in place of ACOBA, J., recused, joins.

Opinion of the Court by McKENNA, J.

Petitioners/Defendants–Appellants Ronald Pajela Amasol and Jean Louise Morales Amasol (collectively, "the Amasols") seek review of the November 20, 2013 "Order Dismissing Appeal for Lack of Appellate Jurisdiction" ("Dismissal Order") issued by the Intermediate Court of Appeals ("ICA"). In light of our decision in *Association of Condominium Homeowners of Tropics at Waikele v. Sakuma*, 131 Hawai'i 254, 318 P.3d 94 (2013), which was issued about one month after the Dismissal Order, we hold that the ICA erred in dismissing as untimely the Amasols' appeal from the December 31, 2012 order denying their April 16, 2012 motion for reconsideration and the decisions for which reconsideration had been sought. Clarifying our opinion in *Sakuma*, however, we also hold that the ICA did not err in dismissing as premature any attempted appeal of the Amasols' July 13, 2012 amended reconsideration motion, because the circuit court has not entered an order disposing of that motion. We therefore vacate the ICA's Dismissal Order in part, and remand to the ICA for further proceedings consistent with this opinion.

## I. Background

The Amasols fell behind on their mortgage payments, and their lender, "Deutsche Bank National Trust Company, a National Banking Association, as Trustee of the Indymac INDX Mortgage Loan Trust 2006–AR12, Mortgage Pass–Through Certificates Series 2006–AR12, Under the Pooling and Servicing Agreement Dated July 1, 2006" ("the Bank") commenced a non-judicial foreclosure sale of the property. The Bank subsequently acquired the property at auction, and filed an ejectment action in the district court. The district court denied the Bank's summary judgment motion for lack of jurisdiction in light of a title challenge raised by the Amasols, and the action was re-filed in the Circuit Court of the First Circuit ("circuit court").

On April 12, 2012, the circuit court[1] entered an order granting summary judgment in favor of the Bank, Judgment for Possession, and a Writ of Possession (collectively, "the April 12th orders"). On April 16, 2012, the Amasols, proceeding pro se, timely filed a "Motion to Reconsider Ruling" ("Motion to Reconsider"). On July 13, 2012, the Amasols, represented by counsel, filed their "Defendants' Amended Rule 60(b) Motion for Relief from Judgment; for Evidentiary Hearing and for Leave To File Amended Answer" ("Amended Rule 60(b) Motion"). On December 31, 2012, approximately 260 days after the Motion to Reconsider was filed, the circuit court entered an "Order Denying Defendant's [sic] Motion to Reconsider Ruling." The circuit court has not, however, entered any order disposing of the Amended Rule 60(b) Motion.

On January 23, 2013, the Amasols filed their notice of appeal. On November 20, 2013, the ICA filed its Dismissal Order. The ICA determined that the appeal from the April 12th orders and the Motion to Reconsider was untimely because the appeal was not filed within 30 days of the date the motion was deemed denied under Rule 4(a)(3) (2012) of the Hawai'i Rules of Appellate Procedure ("HRAP"). With respect to the Amended Rule 60(b) Motion, the ICA ruled that the appeal was premature because

1. The Honorable Patrick W. Border presided.

the circuit court had not entered a written order denying the motion.

## II. Standard of Review

■ "The existence of jurisdiction is a question of law that we review *de novo* under the right/wrong standard." *State v. Bohannon*, 102 Hawai'i 228, 232, 74 P.3d 980, 984 (2003) (citations omitted).

## III. Discussion

■ The time for filing a notice of appeal is governed by HRAP Rule 4, which provides in relevant part:

Rule 4. APPEALS—WHEN TAKEN.

(a) Appeals in civil cases.

(1) TIME AND PLACE OF FILING. When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order....

(2) PREMATURE FILING OF APPEAL. If a notice of appeal is filed after announcement of a decision but before entry of the judgment or order, such notice shall be considered as filed immediately after the time the judgment or order becomes final for the purpose of appeal.

(3) TIME TO APPEAL AFFECTED BY POST-JUDGMENT MOTIONS. If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided, that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.

On December 17, 2013, shortly after the ICA issued its Dismissal Order, we announced our opinion in *Sakuma*, 131 Hawai'i 254, 318 P.3d 94. In *Sakuma*, we held that when a timely post-judgment tolling motion is deemed denied, the 30–day deadline for filing a notice of appeal is not triggered until entry of the judgment or appealable order

pursuant to HRAP Rule 4(a)(1) (2012) and (a)(3). 131 Hawai'i at 256, 318 P.3d at 96.

In the instant case, the written order disposing of the Motion to Reconsider was filed on December 31, 2012, and the Amasols filed their appeal of that order within 30 days, on January 23, 2013. Therefore, pursuant to *Sakuma*, the ICA had appellate jurisdiction over the denial of the Motion to Reconsider, as well as of the underlying April 12th orders. We therefore vacate that portion of the ICA's Dismissal Order that ruled to the contrary, and remand to the ICA for consideration of the relevant issues on appeal.

There was, however, no order disposing of the Amasols' July 13, 2012 Amended Rule 60(b) Motion. In addition, there was no announcement of a decision on that motion that could have triggered HRAP Rule 4(a)(2) (2012). Therefore, the ICA properly ruled that the notice of appeal was premature with respect to the Amended Rule 60(b) Motion.

We also write to clarify *Sakuma* to the extent the dictum that the "ICA had jurisdiction," 131 Hawai'i at 255, 318 P.3d at 95, may have caused confusion. In *Sakuma*, as in this case with respect to the Amended Rule 60(b) Motion, the notice of appeal was premature. The ICA therefore properly held that it lacked jurisdiction over this portion of the appeal.

## IV. Conclusion

We vacate the portion of the ICA Dismissal Order holding that it lacked appellate jurisdiction over the appeal of the April 12th orders and the Motion to Reconsider. We affirm the portion of the ICA Dismissal Order dismissing any appeal of the Amended Rule 60(b) Motion, and remand for further proceedings consistent with this opinion.

Opinion concurring in the result by RECKTENWALD, C.J.

Respectfully, I concur in the result.

Our recent decision in *Association of Condominium Homeowners of Tropics at Waikele v. Sakuma*, 131 Hawai'i 254, 318 P.3d 94 (2013), governs this case. Although the Dissent in *Sakuma* raised strong arguments in support of a contrary result, those arguments did not prevail. Under the present circumstances, I do not believe that *Sakuma* should be overruled.

Stare decisis is a "principle of self-restraint ... with respect to the overruling of prior decisions." *State v. Garcia*, 96 Hawai'i 200, 205, 29 P.3d 919, 924 (2001) (quotation omitted). This principle is designed to "clear[ly] guide ... the conduct of individuals, to enable them to plan their affairs with assurance against untoward surprise; ... eliminat[e] the need to relitigate every relevant proposition in every case; and maintain[ ] the public faith in the judiciary as a source of impersonal and reasoned judgments." *Id.* (citations omitted, some alterations in original); *see* Lewis F. Powell, Jr., *Stare Decisis and Judicial Restraint*, 47 Wash. & Lee L. Rev. 281, 286–87 (1990). "The inevitability of change touches law as it does every aspect of life. But stability and moderation are uniquely important to the law. In the long run, restraint in decisionmaking and respect for decisions once made are the keys to preservation of an independent judiciary and public respect for the judiciary's role as a guardian of rights." Powell, *Stare Decisis and Judicial Restraint*, 47 Wash. & Lee L. Rev. at 289–90. "[S]tare decisis [i]s a rule of stability, but not inflexibility." *Id.* at 284.

Courts should "not depart from the doctrine of stare decisis without some compelling justification." *Garcia*, 96 Hawai'i at 206, 29 P.3d at 925 (quoting *Hilton v. South Carolina*, 502 U.S. 197, 202, 112 S.Ct. 560, 116 L.Ed.2d 560 (1991) (emphasis original to *Garcia*)); *cf. Dairy Road Partners v. Island Ins. Co.*, 92 Hawai'i 398, 421, 992 P.2d 93, 116 (2000) ("a court should not overrule its earlier decisions unless the most cogent reasons and inescapable logic require it") (internal quotation marks and citations omitted). Although we have "rejected a doctrine of disability at self-correction," we have done so because stare decisis is subordinate to "manifest injustice." *McBryde Sugar Co. v. Robinson*, 54 Haw. 174, 180, 504 P.2d 1330, 1335 (1973) (quotation and footnote omitted). In other words, Hawai'i courts have a longstanding and consistent approach to avoid

revisiting prior decisions except where doing so would lead to manifest injustice.

In evaluating whether to stand by precedent or reexamine prior holdings, our court is "informed by a series of prudential and pragmatic considerations," which essentially "gauge the respective costs of reaffirming and overruling a prior case." *Garcia*, 96 Hawai'i at 206, 29 P.3d at 925 (quoting *Planned Parenthood of Se. Pennsylvania v. Casey*, 505 U.S. 833, 854, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992)). These considerations include developments since the earlier decisions at issue either in the law, or of pertinent and reliable factual developments either generally or in the case at bar.

Here, the record does not indicate developments since *Sakuma* was decided sixteen months ago that would outweigh the respective costs of overruling it. Moreover, this is a matter that could readily be addressed through an amendment to the appellate rules. Accordingly, I concur in the result.

Concurring and dissenting opinion By NAKAYAMA, J., in which Circuit Judge CHANG, joins.

I concur with the majority's decision affirming the Intermediate Court of Appeals (ICA) as to the Amended Hawai'i Rules of Civil Procedure (HRCP) Rule 60(b) motion.[1] However, for the reasons set forth in my dissenting opinion in *Ass'n of Condominium Homeowners of Tropics at Waikele v. Sakuma*, 131 Hawai'i 254, 256–57, 318 P.3d 94, 96–97 (2013), I respectfully dissent from the majority's conclusion that the ICA erred when it decided that it lacked appellate jurisdiction over the denial of the motion for

reconsideration and the underlying April 12, 2012 orders. I disagree with the majority's holding that a post-judgment motion that has been deemed denied does not trigger the 30–day deadline for filing a notice of appeal, and I believe the majority has misread Hawai'i Rules of Appellate Procedure (HRAP) Rules 4(a)(1) and (3).

"[C]ourts are bound to give effect to all parts of a statute, and that no clause, sentence, or word shall be construed as superfluous, void, or insignificant if a construction can be legitimately found which will give force to and preserve all words of the statute." *State v. Kaakimaka*, 84 Hawai'i 280, 289–90, 933 P.2d 617, 626–27 (1997) (internal quotation marks and citations omitted). Moreover, "[a] rational, sensible and practicable interpretation is preferred to one which is unreasonable or impracticable." *State v. Herrera*, 63 Haw. 405, 410, 629 P.2d 626, 630 (1981).

Here, the majority's interpretation of HRAP Rule 4(a)(3) renders the second clause of the rule superfluous. The first clause of HRAP Rule 4(a)(3)[2] already makes clear that the time to appeal is affected by post-judgment motions, which extend the deadline to 30 days after an order disposing of the motion. If the same rule is applied to motions that have been deemed denied, the second clause is redundant and unnecessary because the 30–day deadline would be triggered only when there has been an order or judgment, regardless if the motion has been deemed denied or not. HRAP Rule 4(a)(3) is titled "Time To Appeal Affected by Post–Judgment Motions," but the majority's reading of the rule regarding motions that have been deemed denied would have no legal effect on the time to appeal. However, a

---

**1.** Because HRCP Rule 60(b) motions are not tolling motions, HRAP Rule 4(a)(3) does not apply, and HRCP Rule 60(b) motions do not become appealable until after the court enters a written order disposing them. Pursuant to the language of the rule itself, HRAP Rule 4(a)(3) applies only to "a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs."

**2.** HRAP Rule 4(a)(3) can be broken down into two clauses as follows:

[(1)] If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment of order, or for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; [(2)] provided, that the failure to dispose of any motion by order entered upon the record within 90 days after the date of the motion was filed shall constitute a denial of the motion.

reading of the rule such that the time to appeal a post-judgment motion is extended (1) to 30 days after an order disposing of the motion, or (2) to 30 days after the circuit court has failed to issue an order within 90 days, would give legal effect to both clauses of the rule.

Furthermore, the majority's interpretation of HRAP Rule 4(a)(3) leads to the impracticable result that long periods of time could pass before a motion that has been deemed denied becomes appealable, and the finality of cases may be delayed indefinitely. Once a party makes a timely post-judgment motion pursuant to HRAP Rule 4(a)(3), the party may "invoke the potentially infinite deadline created by the supreme court's decision in *Sakuma*." Rebecca A. Copeland, *Deemed Denial and the Deadline to File Notices of Appeal in Civil Cases,* 18–AUG Haw. B.J. 13, 13 (2014). A reading of HRAP Rule 4(a)(3) such that the 30–day deadline to appeal is triggered on the 90th day when the motion is deemed denied would avoid this impracticable result.

Finally, under what I believe to be the proper reading of HRAP Rule 4(a)(3), I would agree with the ICA that once the circuit court failed to dispose of the motion for reconsideration within 90 days, the motion was deemed denied on July 16, 2012, and the Amasols had until 30 days later, August 15, 2012, to file an appeal.[3] Because they did not file their appeal until January 23, 2013, it was untimely, and the ICA did not gravely err in dismissing the appeal for lack of jurisdiction.

---

**3.** Due to scrivener's error, there was some confusion as to when the motion for reconsideration was filed, but as the actual filing date appears to be April 16, 2012, these dates so reflect.