*** FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER ***

Electronically Filed
Supreme Court
SCWC-13-0000040
14-APR-2015
08:52 AM

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---oOo---

DEUTSCHE BANK NATIONAL TRUST COMPANY,
a National Banking Association, as Trustee of the IndyMac INDX
Mortgage Loan Trust 2006-AR12, Mortgage Pass-Through
Certificates Series 2006-AR12, Under the Pooling and Servicing
Agreement Dated July 1, 2006,
Respondent/Plaintiff-Appellee,

vs.

RONALD PAJELA AMASOL and JEAN LOUISE MORALES AMASOL,
Petitioners/Defendants-Appellants.

SCWC-13-0000040

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-13-0000040; CIV. NO. 11-1-2129)

APRIL 14, 2015

McKENNA AND POLLACK, JJ., WITH RECKTENWALD, C.J., CONCURRING,
AND NAKAYAMA, J., CONCURRING AND DISSENTING, WITH WHOM CIRCUIT
JUDGE CHANG, IN PLACE OF ACOBA, J., RECUSED, JOINS

OPINION OF THE COURT BY McKENNA, J.

Petitioners/Defendants-Appellants Ronald Pajela Amasol
and Jean Louise Morales Amasol (collectively, "the Amasols")
seek review of the November 20, 2013 Order Dismissing Appeal for
Lack of Appellate Jurisdiction" ("Dismissal Order") issued by

the Intermediate Court of Appeals ("ICA"). In light of our decision in Association of Condominium Homeowners of Tropics at Waikele v. Sakuma, 131 Hawaiʻi 254, 318 P.3d 94 (2013), which was issued about one month after the Dismissal Order, we hold that the ICA erred in dismissing as untimely the Amasols' appeal from the December 31, 2012 order denying their April 16, 2012 motion for reconsideration and the decisions for which reconsideration had been sought. Clarifying our opinion in Sakuma, however, we also hold that the ICA did not err in dismissing as premature any attempted appeal of the Amasols' July 13, 2012 amended reconsideration motion, because the circuit court has not entered an order disposing of that motion. We therefore vacate the ICA's Dismissal Order in part, and remand to the ICA for further proceedings consistent with this opinion.

## I.  Background

The Amasols fell behind on their mortgage payments, and their lender, "Deutsche Bank National Trust Company, a National Banking Association, as Trustee of the Indymac INDX Mortgage Loan Trust 2006-AR12, Mortgage Pass-Through Certificates Series 2006-AR12, Under the Pooling and Servicing Agreement Dated July 1, 2006" ("the Bank") commenced a non-judicial foreclosure sale of the property. The Bank subsequently acquired the property at auction, and filed an ejectment action in the district court. The district court

denied the Bank's summary judgment motion for lack of jurisdiction in light of a title challenge raised by the Amasols, and the action was re-filed in the Circuit Court of the First Circuit ("circuit court").

On April 12, 2012, the circuit court[1] entered an order granting summary judgment in favor of the Bank, Judgment for Possession, and a Writ of Possession (collectively, "the April 12th orders"). On April 16, 2012, the Amasols, proceeding pro se, timely filed a "Motion to Reconsider Ruling" ("Motion to Reconsider"). On July 13, 2012, the Amasols, represented by counsel, filed their "Defendants' Amended Rule 60(b) Motion for Relief from Judgment; for Evidentiary Hearing and for Leave To File Amended Answer" ("Amended Rule 60(b) Motion"). On December 31, 2012, approximately 260 days after the Motion to Reconsider was filed, the circuit court entered an "Order Denying Defendant's [sic] Motion to Reconsider Ruling." The circuit court has not, however, entered any order disposing of the Amended Rule 60(b) Motion.

On January 23, 2013, the Amasols filed their notice of appeal. On November 20, 2013, the ICA filed its Dismissal Order. The ICA determined that the appeal from the April 12th orders and the Motion to Reconsider was untimely because the appeal was not filed within 30 days of the date the motion was

---

[1]    The Honorable Patrick W. Border presided.

deemed denied under Rule 4(a)(3) (2012) of the Hawaiʻi Rules of Appellate Procedure ("HRAP").  With respect to the Amended Rule 60(b) Motion, the ICA ruled that the appeal was premature because the circuit court had not entered a written order denying the motion.

## II.  Standard of Review

"The existence of jurisdiction is a question of law that we review de novo under the right/wrong standard."  State v. Bohannon, 102 Hawaiʻi 228, 232, 74 P.3d 980, 984 (2003) (citations omitted).

## III. Discussion

The time for filing a notice of appeal is governed by HRAP Rule 4, which provides in relevant part:

> Rule 4.        APPEALS - WHEN TAKEN.
>         (a) Appeals in civil cases.
>         (1) TIME AND PLACE OF FILING. When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order. . . .
>         (2) PREMATURE FILING OF APPEAL. If a notice of appeal is filed after announcement of a decision but before entry of the judgment or order, such notice shall be considered as filed immediately after the time the judgment or order becomes final for the purpose of appeal.
>         (3) TIME TO APPEAL AFFECTED BY POST-JUDGMENT MOTIONS. If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided, that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.

On December 17, 2013, shortly after the ICA issued its Dismissal Order, we announced our opinion in Sakuma, 131 Hawaiʻi

254, 318 P.3d 94. In Sakuma, we held that when a timely post-judgment tolling motion is deemed denied, the 30-day deadline for filing a notice of appeal is not triggered until entry of the judgment or appealable order pursuant to HRAP Rule 4(a)(1) (2012) and (a)(3). 131 Hawaiʻi at 256, 318 P.3d at 96.

In the instant case, the written order disposing of the Motion to Reconsider was filed on December 31, 2012, and the Amasols filed their appeal of that order within 30 days, on January 23, 2013. Therefore, pursuant to Sakuma, the ICA had appellate jurisdiction over the denial of the Motion to Reconsider, as well as of the underlying April 12th orders. We therefore vacate that portion of the ICA's Dismissal Order that ruled to the contrary, and remand to the ICA for consideration of the relevant issues on appeal.

There was, however, no order disposing of the Amasols' July 13, 2012 Amended Rule 60(b) Motion. In addition, there was no announcement of a decision on that motion that could have triggered HRAP Rule 4(a)(2) (2012). Therefore, the ICA properly ruled that the notice of appeal was premature with respect to the Amended Rule 60(b) Motion.

We also write to clarify Sakuma to the extent the dictum that the "ICA had jurisdiction," 131 Hawaiʻi at 255, 318 P.3d at 95, may have caused confusion. In Sakuma, as in this case with respect to the Amended Rule 60(b) Motion, the notice

of appeal was premature.  The ICA therefore properly held that it lacked jurisdiction over this portion of the appeal.

## IV.  Conclusion

We vacate the portion of the ICA Dismissal Order holding that it lacked appellate jurisdiction over the appeal of the April 12th orders and the Motion to Reconsider.  We affirm the portion of the ICA Dismissal Order dismissing any appeal of the Amended Rule 60(b) Motion, and remand for further proceedings consistent with this opinion.

Sandra D. Lynch
for petitioner

Charles R. Prather and
Sofia Hirosane McGuire
for respondent

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

