**Electronically Filed
Supreme Court
SCAP-23-0000011
12-FEB-2024
09:23 AM
Dkt. 34 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

---

IN THE MATTER OF THE TAX APPEAL OF
SCHUYLER E. COLE AND MARILYN J. COLE,
Appellants-Appellants,

vs.

CITY AND COUNTY OF HONOLULU,
Appellee-Appellee.

---

SCAP-23-0000011

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CAAP-23-0000011; CASE NO. 1TX151000243 (Lead Case) AND
CONSOLIDATED CASES: 1TX161000011, 1TX161000012, 1TX161000015,
1TX161000016, 1TX161000017, 1TX161000018, 1TX161000019,
1TX161000024, 1TX161000026, 1TX161000028, 1TX161000034,
1TX161000268, and 1TX161000269)

FEBRUARY 12, 2024

RECKTENWALD, C.J., McKENNA, EDDINS, JJ.,
CIRCUIT JUDGE CASTAGNETTI AND CIRCUIT JUDGE ASHFORD,
ASSIGNED BY REASON OF VACANCIES

OPINION OF THE COURT BY EDDINS, J.

**I.**

This case concerns Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(3).

We address appellate jurisdiction when a court does not enter an order on a post-judgment motion within 90 days and the court's clerk does not provide notice "within 5 days after the 90th day" that the motion has been denied by operation of the rule.

Per HRAP Rule 4(a)(3) an order entered after 90 days "shall be a nullity." We hold that if the court clerk does not timely notify the parties that a post-judgment motion has been automatically denied, the start-time to appeal begins when the clerk provides notice to the parties or the court enters a nullified order.

**II.**

In May 2015, Schuyler and Marilyn Cole filed a notice of appeal to the Tax Appeal Court (TAC). The Coles contested the City and County of Honolulu's (City) classification of several investment properties they owned. That classification resulted in property tax assessments they disliked. The City opposed their challenge.

In July 2016, the Tax Appeal Court approved a stipulation to consolidate the Coles' appeal with 40 similar appeals. Those

appeals also contested the City's classification. The court designated the Coles' appeal as the lead case (collectively, we call the plaintiffs "the Taxpayers").

On July 17, 2017, Tax Appeal Court Judge Gary W.B. Chang entered an order granting summary judgment to the City. That day the court also entered final judgment. On July 26, 2017, the Taxpayers timely moved for reconsideration. The City opposed the motion; the Taxpayers replied.

The court did not rule on the Taxpayer's motion for reconsideration within 90 days of its filing. Neither an order disposing of the motion, nor a clerk's notice that the motion had been automatically denied per HRAP Rule 4(a)(3) were filed.

HRAP Rule 4(a)(3) (2016) reads:

> (3) TIME TO APPEAL AFFECTED BY POST-JUDGMENT MOTIONS. If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, and court or agency rules specify the time by which the motion shall be filed, then the time for filing the notice of appeal is extended for all parties until 30 days after entry of an order disposing of the motion. The presiding court or agency in which the motion was filed shall dispose of any such post-judgment motion by entering an order upon the record within 90 days after the date the motion was filed. If the court or agency fails to enter an order on the record, then, within 5 days after the 90th day, the clerk of the relevant court or agency shall notify the parties that, by operation of this Rule, the post-judgment motion is denied and that any orders entered thereafter shall be a nullity. The time of appeal shall run from the date of entry of the court or agency's order disposing of the post-judgment motion, if the order is entered within the 90 days, or from the filing date of the clerk's notice to the parties that the post-judgment motion is denied pursuant to the operation of the Rule.

3

Time passed.

In December 2022, the court received a letter from the Taxpayers. They wanted the court to rule on their motion for reconsideration. The Taxpayers explained: "(i) the Court had not entered an order disposing of the Motion for Reconsideration; and (ii) that the Clerk of Courts had not otherwise disposed of the Motion for Reconsideration as required by Rule 4(a)(3) of the [HRAP]."

Three days later, the court entered an order denying the Taxpayers' 2017 motion for reconsideration.

Within 30 days, the Coles and 13 taxpayers appealed the 2017 order granting the City's motion for summary judgment.

The City applied for transfer. We accepted the transfer to address one issue - appellate jurisdiction.

**III.**

HRAP Rule 4(a)(3) controls the time frame to appeal when a party files a post-judgment motion.

The rule's current version dates to 2016. Sakuma prompted that year's revision. See Ass'n of Condo. Homeowners of Tropics at Waikele v. Sakuma, 131 Hawai‘i 254, 318 P.3d 94 (2013). There, the circuit court entered a default judgment and foreclosure decree. Id. at 255, 318 P.3d at 95. Sakuma timely moved for reconsideration. Id. The circuit court failed to

4

rule on her post-judgment motion within 90 days.  Id.  Almost five months after filing the motion, she appealed.  The Intermediate Court of Appeals dismissed the appeal.  It was too late.  The appellate courts lacked jurisdiction.  Sakuma applied for cert, and we accepted.

At the time, HRAP Rule 4(a) (2012) read in part:

> (1) TIME AND PLACE OF FILING.  When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order.
>
> . . . .
>
> (3) TIME TO APPEAL AFFECTED BY POST-JUDGMENT MOTIONS.  If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided, that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.

(Emphasis added.)

This court sided with Sakuma.  We held that after 90 days, the clock did *not* start for HRAP Rule 4(a)(1)'s "within 30 days after entry of the judgment" appeal deadline.  Id. at 256, 318 P.3d at 96.  Why?  Rule 4(a)(3)'s clear language.  It tolled the appeal deadline until the "entry of an order" that disposes of the motion for reconsideration.  Id.  Thus, the thirty-day clock for filing a notice of appeal starts with the court's order, not when the post-judgment motion is deemed denied.  Id.

5

Before long, HRAP Rule 4(a)(3) was revised.  Here it is in Ramseyer format (compared to the 2012 version):

> If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, and court or agency rules specify the time by which the motion shall be filed, then the time for filing the notice of appeal is extended for all parties until 30 days after entry of an order disposing of the motion.[; provided, that the failure]  The presiding court or agency in which the motion was filed shall [to] dispose of any such post-judgment motion by entering an order [entered] upon the record within 90 days after the date the motion was filed [shall constitute a denial of the motion].

The 2016 amendment altered the part stating "provided, that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion."  Now it read: "The presiding court or agency in which the motion was filed shall dispose of any such post-judgment motion by entering an order upon the record within 90 days after the date the motion was filed."

The revision also added two lengthy sentences to Rule 4(a)(3):

> If the court or agency fails to enter an order on the record, then, within 5 days after the 90th day, the clerk of the relevant court or agency shall notify the parties that, by operation of this Rule, the post-judgment motion is denied and that any orders entered thereafter shall be a nullity.  The time of appeal shall run from the date of entry of the court or agency's order disposing of the post-judgment motion, if the order is entered within the 90 days, or from the filing date of the clerk's notice to the parties that the post-judgment motion is denied pursuant to the operation of the Rule.

We again assess HRAP Rule 4(a)(3).

6

To start, Rule 4(a)(3)'s first two clauses are plain. The first clause describes the general rule that a party must file a notice of appeal within 30 days after entry of an order on a post-judgment motion. The second clause requires the court to enter that post-judgment order within 90 days after the party files the motion.

The third clause addresses the situation where the court fails to enter an order by the 90th day. After the 90th day the Rule instructs the court's clerk to do something about the court's inaction: notify the parties before the 95th day that "by operation of this Rule, the post-judgment motion is denied and that any orders entered thereafter shall be a nullity."

The Rule's "shall" directive imposes a duty on the clerk. The clerk should notify the parties, within 5 days, about the denial of the post-judgment motion.

The fourth clauses specifically address the two start times to file a notice of appeal. First, "if the order is entered within the 90 days," then the start time to appeal runs from the date of entry of the court or agency's order [e.g., if the court enters an order regarding a post-judgment motion on the 70th day, then the appeal is due in 30 days, 100th day from final judgment].

7

The second start time occurs when the court fails to enter an order disposing of the post-judgment motion within 90 days. Rule 4(a)(3) presumes that the clerk will provide notice to the parties within 5 days informing them that the post-judgment motion is automatically denied. This "filing date of the clerk's notice" then sets the start time for appeal [e.g., if the clerk files notice on the 93rd day, then the appeal is due in 30 days, 123 days from final judgment].

Here, the court entered no order. And the court's clerk gave no notice.

Rule 4(a)(3) does not contemplate what happens when there's no order and no notice by day 95. A situation, we believe, that is apt to repeat. If the court overlooks a deadline to rule on a post-judgment motion, then the clerk may overlook it too. When both the court and the court's clerk overlook the 90-day post-judgment order deadline, the clerk may not generate a deemed denied notice "within 5 days after the 90th day." (A clerk who knows about a looming deadline would presumably alert the court before the 90 days are up – and later not forget to file a notice within five days should the court not enter an order.) The reality of court and clerk connectivity and day-to-day judicial administration may very well be that if the court

8

forgets, the court's clerk forgets. And if the clerk forgets, the court forgets. Either way, there's no order and no notice.

HRAP Rule 4(a)(3)'s words are clear. To protect the right to appeal, we conclude that the appeal deadline tolls until the "entry of an order disposing of the motion." We said it before. "[W]hen a timely post-judgment tolling motion is deemed denied, it does not trigger the thirty-day deadline for filing a notice of appeal until entry of the judgment or appealable order pursuant to HRAP Rules 4(a)(1) and 4(a)(3)." Sakuma, 131 Hawai'i at 256, 318 P.3d at 96.

The 2016 revision to Rule 4(a)(3) added a clerk's notice requirement. The Taxpayers did not receive that notice.

Notice is a core feature of due process. See LaChance v. Erickson, 522 U.S. 262, 266 (1998). So is the right to appeal. See, e.g., State v. Uchima, 147 Hawai'i 64, 69, 464 P.3d 852, 857 (2020).

We conclude that a court's failure to comply with HRAP Rule 4(a)(3) does not undercut a party's right to appeal. Judicial inaction cannot operate to foreclose a right to appeal.

Here, the court issued an order on the Taxpayers' motion for reconsideration. Five years too late. Under Rule 4(a)(3)'s third clause, that order is a nullity. Courts have no power to rule on a post-judgment motion after the 90-day period.

The court's belated action, though, provides notice regarding the time to appeal.  Per Rule 4(a)(3), the Taxpayers' appeal clock finally started ticking.  And they appealed within 30 days.  So the ICA has jurisdiction.

**IV.**

Post-Sakuma, the Standing Committee to Review the Hawai'i Rules of Appellate Procedure proposed an amended rule, and this court adopted it.  HRAP Rule 4(a)(3) reveals an objective to impose finality and a definite appellate deadline.  The rule nullifies an order entered 90 days after a post-judgment motion.  And it tells the clerk to provide notice to the parties that the motion has been deemed denied.

But as this case shows, a blind spot exists.  One that impedes finality and unbounds the time frame for appellate jurisdiction.  Without an order or notice, the appeal deadline extends indefinitely.

Sure, the litigants share fault by not alerting the court about an outstanding matter.  But HRAP Rule 4(a)(3)'s design ignores judicial inaction.  The Taxpayers followed the rule's language to file an appeal.  They get their day in appellate court.

We believe that a sound rule does not permit an appellant to revive a case decided (final judgment-wise) years before.  An

ideal rule promotes finality and sets an easy-to-understand notice of appeal deadline.  The Standing Committee to Review the Hawai'i Rules of Appellate Procedure may wish to consider proposing an amendment to HRAP Rule 4(a)(3).

**V.**

We hold that the Intermediate Court of Appeals has jurisdiction over the Taxpayers' appeal.  We remand to the ICA for further proceedings.

| | |
|---|---|
| Ian P. Luthringer<br>(Scott W. Settle, William G. Meyer III, and Harrison K. Goo on the briefs)<br>for appellants | /s/ Mark E. Recktenwald<br>/s/ Sabrina S. McKenna<br>/s/ Todd W. Eddins<br>/s/ Jeannette H. Castagnetti<br>/s/ James H. Ashford |
| Daniel M. Gluck<br>(Robert M. Kohn, Lee M. Agsalud, and Karen K. Lee on the briefs)<br>for appellee | |

