■ The People of the State of New York, Respondent, v Mohammed Khan, Appellant. [998 NYS2d 889]—

Order, Supreme Court, New York County (Arlene D. Goldberg, J.), entered on or about May 22, 2014, which adjudicated defendant a level one sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The court properly designated defendant a sexually violent offender, since he was convicted of sexual abuse in the first degree, an enumerated sexually violent offense (*see* Correction Law § 168-a [3] [a]; [7] [b]). The court properly determined that it lacked discretion to do otherwise (*see People v Bullock*, 125 AD3d 1 [1st Dept 2014]). Defendant asserts that although an element of the crime of which he was convicted (Penal Law § 130.65 [1]) is forcible compulsion, he committed the underlying crime in a manner that was not actually violent, within the general sense of that term. He then argues that the court should have considered his underlying conduct in determining whether to adjudicate him a sexually violent offender. We reject that argument for reasons similar to those set forth in *Bullock*. Regardless of the underlying facts, defendant is a sexually violent offender simply because he has been convicted of one of the enumerated crimes, and thus meets the statutory defini-

tion. In any event, the record establishes that defendant's conduct can be fairly described as violent. Concur—Friedman, J.P., Andrias, Saxe, Richter and Gische, JJ.