People v Barizone (2020 NY Slip Op 00155)





People v Barizone


2020 NY Slip Op 00155


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-13363
2018-03716
 (Ind. No. 2358/17)

[*1]The People of the State of New York, respondent,
v
Dominick Barizone, appellant; American Society for the Prevention of Cruelty to Animals, nonparty-respondent.


Eric Shapiro Renfroe, Forest Hills, NY, for appellant.
Elizabeth Brandler, New York, NY, for nonparty-respondent.



DECISION & ORDER
Appeals by the defendant from (1) an order of the Supreme Court, Queens County (Peter F. Vallone, Jr., J.), dated December 20, 2017, and (2) an order of the same court dated January 18, 2018. The order dated December 20, 2017, after a hearing, in effect, granted the petition of the American Society for the Prevention of Cruelty to Animals pursuant to Agriculture and Markets Law § 373(6) to compel the defendant to post a security in an amount sufficient to secure payment for all reasonable expenses incurred in caring for the defendant's seized animals, and directed that unless the defendant posted a security bond in the sum of $212,106.85 within five business days of the date of the order, the seized animals would be immediately forfeited to the American Society for the Prevention of Cruelty to Animals. The order dated January 18, 2018, insofar as appealed from, denied that branch of the defendant's motion which was to vacate the order dated December 20, 2017.
ORDERED that the appeals are dismissed as academic, without costs or disbursements.
The defendant was charged, inter alia, with multiple counts of animal fighting in violation of Agriculture and Markets Law § 351. On or about June 21, 2017, the police seized 19 pit bulls from the defendant, and the dogs were placed in the care of the American Society for the Prevention of Cruelty to Animals (hereinafter the ASPCA). Two of the dogs were euthanized, and several of the dogs gave birth to litters of puppies, bringing the total number of dogs to 53. Thereafter, the ASPCA filed a petition pursuant to Agriculture and Markets Law § 373(6) with the Supreme Court, seeking to compel the defendant to post a security bond to secure payment of the expenses incurred by the ASPCA in caring for the dogs during the pendency of the criminal proceeding.
In an order dated December 20, 2017 (hereinafter the December 2017 order), following a hearing, the Supreme Court, in effect, granted the petition and directed the defendant to post a security bond in the sum of $212,106.85. The court further directed that if the defendant failed to post the entire security within five business days of the date of the order, the dogs would [*2]be immediately forfeited to the ASPCA. The defendant did not post the security bond and moved, inter alia, to vacate the December 2017 order. The dogs were then forfeited to the ASPCA. In an order dated January 18, 2018, the court, among other things, denied that branch of the defendant's motion which was to vacate the December 2017 order. Thereafter, certain of the dogs had to be euthanized, and the ASPCA placed the remaining dogs in adoptive homes. The defendant appeals from both orders.
The power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713). "This principle, which forbids courts to pass on academic, hypothetical, moot, or otherwise abstract questions, is founded both in constitutional separation-of-powers doctrine, and in methodological strictures which inhere in the decisional process of a common-law judiciary" (id. at 713-714). Accordingly, "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal" (id. at 714; see Matter of Denise V.E.J. [Latonia J.], 163 AD3d 667, 669).
Here, the ASPCA no longer has custody or possession of the dogs at issue. Since the defendant cannot recover the dogs from the ASPCA, the rights of the parties will not be directly affected by the determination of the appeals (see Asher v Gigante, 21 AD3d 916, 917; People v Stoltz, 10 Misc 3d 139[A], 2006 NY Slip Op 50018[U] [App Term, 2d Dept, 9th & 10th Jud Dists]). The matter does not warrant invoking an exception to the mootness doctrine, and thus, the appeals must be dismissed as academic (see Matter of Hearst Corp. v Clyne, 50 NY2d at 714; Matter of Denise V.E.J. [Latonia J.], 163 AD3d at 670).
RIVERA, J.P., DUFFY, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court