People ex rel. Rosario v Superintendent, Fishkill Corr. Facility (2020 NY Slip Op 01178)





People ex rel. Rosario v Superintendent, Fishkill Corr. Facility


2020 NY Slip Op 01178


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2019-07362
 (Index No. 479/19)

[*1]The People of the State of New York, ex rel. Jesus Rosario, respondent,
v
Superintendent, Fishkill Correctional Facility, et al., appellants.


Letitia James, Attorney General, New York, NY (Andrea Oser and Blair J. Greenwald of counsel), for appellants.
Janet E. Sabel, New York, NY (Robert C. Newman of counsel), for respondent.



DECISION & ORDER
In a habeas corpus proceeding to obtain immediate release to the community under applicable conditions of postrelease supervision, the Superintendent of Fishkill Correctional Facility and the New York State Department of Corrections and Community Supervision appeal from an order and judgment (one paper) of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated June 19, 2019. The order and judgment, insofar as appealed from, upon renewal, granted the petition. By decision and order on motion dated July 26, 2019, this Court granted the appellants' motion to stay enforcement of the order and judgment pending hearing and determination of the appeal.
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, without costs or disbursements, upon renewal, the petition is denied, and the proceeding is dismissed on the merits.
In 1985, the petitioner was convicted of rape in the first degree and a number of other felonies, and he was sentenced to an aggregate indeterminate term of imprisonment of 8&frac13; to 25 years. As a result of the conviction of rape in the first degree, the petitioner was designated a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C). He received a "final discharge" from the aggregate sentence on September 12, 2013. Thereafter, in October 2013, the petitioner was convicted of attempted burglary in the second degree and sentenced, as a second violent felony offender, to a determinate term of imprisonment of five years plus five years of postrelease supervision (hereinafter PRS).
Although the petitioner's sentence had a maximum expiration date of September 11, 2018, he was not released to PRS in the community on that date. Instead, he was placed in a residential treatment facility at Fishkill Correctional Facility because he was unable to identify housing that complied with the mandatory school grounds condition set forth in the Sexual Assault Reform Act (L 2000, ch 1, § 8, as amended by L 2005, ch 544, § 2; hereinafter SARA) prohibiting him from residing within 1,000 feet of school grounds (see Executive Law § 259-c[14]; Penal Law §§ 220.00[14]; 65.10[4-a][a]).
The petitioner commenced this habeas corpus proceeding pursuant to CPLR article 70 to obtain his immediate release on the ground that his incarceration in a residential treatment facility beyond the maximum expiration date of his sentence was illegal. He contended, inter alia, that he was not subject to SARA's school grounds condition because he was serving a sentence for a crime that is not enumerated in Executive Law § 259-c(14). The Supreme Court granted the petition. The Superintendent of the Fishkill Correctional Facility and the New York State Department of Corrections and Community Supervision (hereinafter together the appellants) appeal.
As all the parties concede, the arguments raised in connection with this habeas corpus proceeding have been rendered academic because the petitioner has been released from the residential treatment facility to a SARA-compliant New York City shelter (see People ex rel. Kneitel v Warden, Rikers Is. Corr. Facility, 104 AD3d 795, 796; People ex rel. Hart v Travis, 240 AD2d 444, 444). However, an exception to the mootness doctrine is warranted here.
"The mootness doctrine precludes courts from considering questions which, although once active, have become academic by the passage of time or by a change in circumstances" (Matter of Melinda D., 31 AD3d 24, 28; see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714). " If academic, an appeal is not to be determined unless it falls within the exception to the doctrine that permits courts to preserve for review important and recurring issues which, by virtue of their relatively brief existence, would otherwise be nonreviewable'" (Matter of Abbygail G. [Christine Y.—Karen M.], 177 AD3d 878, 880, quoting Matter of Melinda D., 31 AD3d at 28; see Matter of Hearst Corp. v Clyne, 50 NY2d at 714). " The exception to the mootness doctrine requires the existence of three common factors: (1) a likelihood the issue will repeat, either between the same parties or among other members of the public, (2) an issue or phenomenon typically evading appellate review, and (3) a showing of significant or important questions not previously passed upon'" (Matter of Abbygail G. [Christine Y.—Karen M.], 177 AD3d at 880, quoting Matter of Melinda D., 31 AD3d at 28; see Matter of Hearst Corp. v Clyne, 50 NY2d at 714).
All three factors excepting this appeal from the mootness doctrine are present here. The issue of whether the SARA school grounds condition applies to all incarcerated offenders who have been adjudicated level three sex offenders, even if they are not serving a sentence for an offense enumerated in Executive Law § 259-c(14) at the time they become eligible for conditional release or parole, has already resulted in litigation in this Department (see e.g. People ex rel. Delgado v Superintendent, Fishkill Corr. Facility, 65 Misc 3d 1218[A], 2019 NY Slip Op 51726[U] [Sup Ct, Dutchess County]), is significant, and will typically evade appellate review due to the passage of time during which inmates, such as the instant petitioner, obtain SARA-compliant housing.
The appellants argue that the language of Executive Law § 259-c(14) is ambiguous, and that it should be rationally interpreted in harmony with the legislative history of the 2005 amendment to that statute, which "extended the school grounds mandatory condition to sex offenders designated level three pursuant to Correction Law § 168-l(6), and also adopted the broad definition of school grounds' set forth in Penal Law § 220.00(14)(a), (b)" (People v Diack, 24 NY3d 674, 682). Executive Law § 259-c(14) provides, in relevant part, that "where a person serving a sentence for an offense defined in [Penal Law articles 130, 135, or 263, or Penal Law §§ 255.25, 255.26, or 255.27] and the victim of such offense was under the age of [18] at the time of such offense or such person has been designated a level three sex offender pursuant to [Correction Law § 168-l(6)], is released on parole or conditionally released pursuant to [Executive Law § 259-c(1) or (2)], the [Board of Parole] shall require, as a mandatory condition of such release, that such sentenced offender shall refrain from knowingly entering into or upon any school grounds, as that term is defined in [Penal Law § 220.00(14)], . . . while one or more of such persons under the age of [18] are present."
As a result of its inartful wording and use of the term "such person," Executive Law § 259-c(14) has been interpreted in opposing fashion by the Appellate Division, Third Department (see People ex rel. Negron v Superintendent Woodbourne Corr. Facility, 170 AD3d 12) and the Appellate Division, Fourth Department (see People ex rel. Garcia v Annucci, 167 AD3d 199). Inasmuch as the statute is amenable to competing interpretations, we agree with the appellants that [*2]the language of the statute is ambiguous and should be interpreted with reference to its legislative history and the purpose of the enactment of the 2005 amendment (see Saul v Cahan, 153 AD3d 951, 952). The legislative history clearly supports an interpretation that imposes the SARA-residency requirement based on either an offender's conviction of a specifically enumerated offense against an underage victim or the offender's status as a level three sex offender (see People ex rel. Garcia v Annucci, 167 AD3d at 204; see also Matter of Gonzalez v Annucci, 32 NY3d 461, 473 n 5).
The appellants' remaining contentions are without merit.
Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding.
SCHEINKMAN, P.J., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court