Matter of Khan v Annucci (2020 NY Slip Op 04946)





Matter of Khan v Annucci


2020 NY Slip Op 04946


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-01820
 (Index No. 2587/18)

[*1]In the Matter of Mohammed Khan, appellant,
v
Anthony J. Annucci, etc., respondent.


Robert S. Dean, New York, NY (Jan Hoth and Allison Frankel of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Blair J. Greenwald and Steven C. Wu of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the respondent from enforcing Executive Law § 259-c against the petitioner, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Debra Silber, J.), dated January 31, 2019. The order and judgment granted the respondent's motion pursuant to CPLR 3211(a) to dismiss the petition and dismissed the petition.
ORDERED that the order and judgment is affirmed, without costs or disbursements. 
In 2011, the petitioner was convicted, after a jury trial, of sexual abuse in the first degree, forcible touching, and endangering the welfare of a child. He was sentenced to an aggregate determinate term of imprisonment of three years plus a period of post-release supervision (hereinafter PRS) of five years. The Appellate Division, First Department, affirmed those convictions (see People v Kahn, 112 AD3d 507, 507-508), as well as the petitioner's subsequent designation under the Sex Offender Registration Act (see Correction Law art 6-C) as a level one sexually violent offender (see People v Kahn, 125 AD3d 433, 433-434). Anticipating that the petitioner would be subject to the provisions of the Sexual Assault Reform Act (hereinafter SARA) while on PRS, specifically that he not knowingly come within 1,000 feet of a school (see Executive Law § 259-c[14]; Penal Law § 220.00[14]), the petitioner's wife and children moved into a SARA-compliant apartment in Brooklyn in April 2014. The petitioner was incarcerated through his maximum release date and, three months later, moved in with his family. He remained there for approximately four years without incident.
In June 2018, the petitioner learned that a charter school had leased space within 1,000 feet of his apartment and was scheduled to open in September of that year. The petitioner's parole officer therefore directed the petitioner to move into a new SARA-compliant residence. On September 27, 2018, the petitioner moved into a new SARA-compliant apartment within walking distance of his family's apartment.
The petitioner commenced this proceeding in the nature of prohibition by notice and verified petition dated October 19, 2018. The petitioner argued that SARA's school-grounds [*2]requirement does not apply to those individuals serving periods of PRS after completing their determinate term of imprisonment, and, in the alternative, that enforcing that requirement against him violated his substantive due process rights. The respondent moved pursuant to CPLR 3211(a) to dismiss the petition, arguing, among other things, that the petitioner's arguments failed to state a cause of action, were barred by res judicata and were, in any event, without merit. By order and judgment dated January 31, 2019, the Supreme Court granted the respondent's motion to dismiss and dismissed the petition. The petitioner appeals.
Although the petitioner's period of PRS expired during the pendency of this appeal, we nevertheless find that the issues he raises are substantial and novel, are likely to recur, and will typically evade review, and accordingly, we review the order under the exception to the mootness doctrine (see Matter of Gonzalez v Annucci, 32 NY3d 461, 470-471).
We agree with the Supreme Court's determination granting the respondent's motion pursuant to CPLR 3211(a) to dismiss the petition and dismissing the petition upon the comprehensive record of established facts that the parties placed before it on the motion to dismiss (see Matter of Altman v Suffolk County Dept. Of Civ. Serv., 165 AD3d 921, 922).
To resolve the legal issue raised in this case, we turn to "familiar principles of statutory construction" (Matter of County of Orange [Al Turi Landfill, Inc.], 75 AD3d 224, 234). " Statutes which relate to the same subject matter must be construed together unless a contrary legislative intent is expressed'" (id. at 234, quoting Matter of Dutchess County Dept. of Social Servs. v Day, 96 NY2d 149, 153). "The courts must harmonize the various provisions of related statutes and . . . construe them in a way that renders them internally compatible'" (Matter of County of Orange [Al Turi Landfill, Inc.], 75 AD3d at 234, quoting Matter of Aaron J., 80 NY2d 402, 407). "In the case of a conflict between a general statute and a special statute governing the same subject matter, the general statute must yield" (Matter of County of Orange [Al Turi Landfill, Inc.], 75 AD3d at 234; see Matter of Brusco v Braun, 84 NY2d 674, 681). "Finally, [a] construction rendering statutory language superfluous is to be avoided'" (Matter of County of Orange [Al Turi Landfill, Inc.], 75 AD3d at 234, quoting Matter of Branford House v Michetti, 81 NY2d 681, 688).
Prohibition is an extraordinary remedy to be invoked only where there is a clear legal right, and the "action taken or threatened is clearly without jurisdiction or in excess of jurisdiction" (Matter of Rainka v Whalen, 73 AD2d 731, 732, affd 51 NY2d 973; see Schachter v Tomaselli, 105 AD2d 779, 780). Here, prohibition does not lie as "[t]he petitioner has failed to demonstrate a clear legal right to the relief sought" (Matter of Weaver v Sweeney, 178 AD3d 710, 710).
Contrary to the petitioner's contention, SARA's school-grounds requirement unambiguously applies equally to certain sex offenders serving periods of PRS beyond the maximum date of their release from prison as it does to those "on parole or conditionally released" (Executive Law § 259-c[14]). Specifically, the statute provides that the "board of parole shall establish and impose conditions of post-release supervision in the same manner and to the same extent as it may establish and impose conditions in accordance with the executive law upon persons who are granted parole or conditional release" (Penal Law § 70.45[3]). The application of the school-grounds requirement to persons in the petitioner's position is also consistent with the legislative purpose behind SARA's school-grounds requirement, SARA's legislative purpose of affording "protection to children from the risk of recidivism by certain . . . sex offenders" (Matter of Devine v Annucci, 150 AD3d 1104, 1106), regardless of the means by which those offenders obtained release from prison.
In addition, we agree with the Supreme Court that the enforcement of SARA's school grounds requirement upon the petitioner did not violate the requirements of substantive due process. Where, as here, no fundamental right is implicated (see People ex rel. Johnson v Superintendent, Adirondack Corr. Facility, 174 AD3d 992, 994), "the requirements of due process are satisfied if there is a rational basis for the government action" (People v Taylor, 42 AD3d 13, 15). The enforcement of SARA's school-grounds requirement upon the petitioner due to his conviction of sexual abuse in the first degree against a person under the age of eighteen was rationally related to [*3]the legitimate purpose of protecting children from the risk of recidivism (see Matter of Williams v Department of Corr. & Community Supervision, 136 AD3d 147, 164). In addition, prior to the expiration of his period of PRS, the petitioner had been living within walking distance of his family's apartment. There is no dispute that he had been granted significant leeway in visiting his family at that apartment even though it was not SARA compliant. The petitioner thereby failed to carry his "heavy burden" (People v Taylor, 42 AD3d at 16) of establishing the unconstitutionality of SARA's school-grounds requirement as applied to him.
The parties' remaining contentions are without merit.
MASTRO, J.P., COHEN, CHRISTOPHER and WOOTEN, JJ., concur.

2019-01820 DECISION & ORDER ON MOTION
In the Matter of Mohammad Khan, appellant,
v Anthony J. Annucci, etc., respondent.
(Index No. 2587/18)

Motion by the respondent, inter alia, to dismiss an appeal from an order of the Supreme Court, Kings County, dated January 31, 2019, on the ground that it has been rendered academic. By decision and order on motion of this Court dated September 25, 2019, that branch of the motion which is to dismiss the appeal on the ground that it has been rendered academic was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers submitted in support of the motion and the papers submitted in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal on the ground that it has been rendered academic is denied.
MASTRO, J.P., COHEN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court