People ex rel. Smith v Fields (2020 NY Slip Op 07213)





People ex rel. Smith v Fields


2020 NY Slip Op 07213


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2020-03809
 (Index No. 51164/20)

[*1]The People etc., ex rel. Edward E. Smith, on behalf of Jose Colon, appellant, 
v
Leroy Fields, etc., et al., respondents.


Laurette D. Mulry, Riverhead, NY (Edward E. Smith, pro se, and Anju Alexander of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Blair J. Greenwald of counsel), for respondents.



DECISION & ORDER
In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Hal B. Greenwald, J.), dated May 7, 2020. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
In 2012, petitioner was convicted, upon his plea of guilty, of, among other crimes, criminal sex act in the first degree (two counts) and sexual abuse. The petitioner was sentenced, inter alia, to a determinate term of imprisonment of 8 years with a period of postrelease supervision of 20 years.
The petitioner's maximum expiration date for his term of imprisonment expired in October 2019, whereupon his period of postrelease supervision commenced. However, the Department of Corrections and Community Supervision (hereinafter DOCCS) did not release the petitioner on that date due to his inability to find housing that complied with the requirements of the Sexual Assault Reform Act (hereinafter SARA) (see Executive Law § 259-c[14]; Penal Law § 220.00[14]). DOCCS placed him into a residential treatment facility until he could locate housing that complied with SARA.
The petitioner commenced this habeas corpus proceeding in April 2020. The thrust of his petition was predicated upon his contention that his confinement in the residential treatment facility constituted cruel and unusual punishment due to the COVID-19 virus. However, his petition also questioned whether SARA's residency restrictions apply to persons, such as himself, who were serving periods of postrelease supervision after completing their determinate terms of imprisonment. While arguing that the statutory provisions exclude him from SARA's coverage, he did not argue, until a reply, that a contrary statutory construction would be unconstitutional. The Supreme Court denied the petition and, in effect, dismissed the proceeding.
It is undisputed that, during the pendency of this appeal, the petitioner was released from the residential treatment facility.
It is a fundamental principle of this Court's jurisprudence that "[t]he power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (People v Barizone, 179 AD3d 713, 715; see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713). "This principle, which forbids courts to pass on academic, hypothetical, moot, or otherwise abstract questions, is founded both in constitutional separation-of-powers doctrine, and in methodological strictures which inhere in the decisional process of a common-law judiciary" (Matter of Hearst Corp. v Clyne, 50 NY 2d at 713-714). "Thus, '[t]he mootness doctrine precludes courts from considering questions which, although once active, have become academic by the passage of time or by a change in circumstances'" (Matter of Abbygail G. [Christine Y.-Karen M.], 177 AD3d 878, 880, quoting Matter of Melinda D., 31 AD3d 24, 28; see People ex rel. Rosario v Superintendent, Fishkill Corr. Facility, 180 AD3d 920, 921; People ex rel. Booth v Warden, Otis Bantum Corr. Ctr., 157 AD3d 711, 711-712; People ex rel. Kneitel v Warden, Rikers Is. Corr. Facility, 120 AD3d 1274).
"'If academic, an appeal is not to be determined unless it falls within the exception to the doctrine that permits courts to preserve for review important and recurring issues which, by virtue of their relatively brief existence, would otherwise be nonreviewable'" (Matter of Abbygail G. [Christine Y.-Karen M.], 177 AD3d at 880, quoting Matter of Melinda D., 31 AD3d at 28). "'The exception to the mootness doctrine requires the existence of three common factors: (1) a likelihood the issue will repeat, either between the same parties or among other members of the public, (2) an issue or phenomenon typically evading appellate review, and (3) a showing of significant or important questions not previously passed upon'" (Matter of Abbygail G. [Christine Y.-Karen M.], 177 AD3d at 880, quoting Matter of Melinda D., 31 AD3d at 28; see People ex rel. Rosario v Superintendent, Fishkill Corr. Facility, 180 AD3d at 921).
Here, the precise issue of statutory construction raised by the petitioner was resolved against him by this Court in Matter of Khan v Annucci (186 AD3d 1370, 1372), which held that SARA's school-grounds requirement unambiguously applies equally to certain sex offenders, such as petitioner here, serving periods of postrelease supervision beyond the maximum date of their release from prison, as it does to those "on parole or conditionally released." We further held in Khan that enforcement of the SARA school-grounds requirement did not violate substantive due process (see id. at 1373). In view of Khan, and the fact that any remaining constitutional arguments were not timely raised in the Supreme Court (see Pesce v Fernandez, 144 AD3d 653, 655; Guiterrez v Iannacci, 43 AD3d 868; Johnston v Continental Broker-Dealer Corp., 287 AD2d 546), it cannot be said that there are any issues properly before us which are "significant or important questions not previously passed upon" (Matter of Abbygail G. [Christine Y.-Karen M.], 177 AD3d at 880).
SCHEINKMAN, P.J., DILLON, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court