**NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000062
21-MAY-2024
08:09 AM
Dkt. 186 SO**

NO. CAAP-19-0000062

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


CITIMORTGAGE, INC., Plaintiff/Counterclaim Defendant-Appellee,
v.
MICHAEL COSTA BRUM, SR., JULIE PIERRETTE BRUM,
ASSOCIATION OF APARTMENET OWNERS
OF KALELE KAI, Defendants/Cross-claim Defendants-Appellees;
DAVID V. BIRDSALL AND CARLA J. BIRDSALL, AS CO-TRUSTEES OF THE
BIRDSALL REVOCABLE LIVING TRUST DATED MARCH 17, 1999,
Defendants/Counterclaimants/Cross-claimants-Appellants;
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10 and
DOE GOVERNMENTAL UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC151000301)

### SUMMARY DISPOSITION ORDER
(By:  Wadsworth, Presiding Judge, Nakasone and Guidry, JJ.)

This case arises out of the foreclosure on a

condominium property.  Defendants/Counterclaimants/Cross-

Claimants-Appellants David V. Birdsall and Carla J. Birdsall, as Co-Trustees of the Birdsall Revocable Living Trust Dated March 17, 1999 (the **Birdsalls**) appeal from the following judgments and orders, entered by the Circuit Court of the First Circuit (**circuit court**): (1) a January 2, 2019 Hawai‘i Rules of Civil Procedure (**HRCP**) Rule 54(b) "Judgment on Jury Waived Trial Held on November 13 – 15, [2017]" (**Judgment on Foreclosure and Counterclaim**); (2) a July 5, 2019 "Dispositive Order Re [Plaintiff/Counterclaim Defendant-Appellee Citimortgage, Inc.'s (**Citimortgage**)] Motion for Recovery of Attorney's Fees and Costs Incurred in Defense of the Birdsall Counterclaim" (**Attorneys' Fees Award**); (3) a September 10, 2019 HRCP Rule 54(b) "Judgment" on an order confirming the foreclosure sale (**Confirmation Judgment**); and (4) an October 1, 2019 Order Denying Birdsalls' August 23, 2019 Motion for Stay of the [Attorneys' Fees Award] (**Order Denying Stay**).[1]

The Birdsalls raise eleven points of error which collectively challenge the circuit court's orders, judgments, findings, and conclusions denying the Birdsalls' counterclaims for quiet title and declaratory relief, excluding the Birdsalls' proposed trial exhibits, granting Citimortgage's affirmative foreclosure claim, granting Citimortgage's request for

---

[1]     The Honorable Jeffrey P. Crabtree presided.

attorneys' fees and costs in defending the counterclaims, confirming the sale of the foreclosed property, and denying the Birdsalls' respective requests to stay the Judgment on Foreclosure and Counterclaim and the Attorneys' Fees Award pending the appeal.

We review the circuit court's grant or denial of summary judgment *de novo*. Ibbetson v. Kaiawe, 143 Hawaiʻi 1, 10, 422 P.3d 1, 10 (2018) (citation omitted). Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Id. at 10-11, 422 P.3d at 10-11. We review findings of fact for clear error and conclusions of law *de novo*. Bremer v. Weeks, 104 Hawaiʻi 43, 51, 85 P.3d 150, 158 (2004). We review a grant or denial of a stay motion for abuse of discretion. Shanghai Inv. Co., Inc. v. Alteka Co., Ltd., 92 Hawaiʻi 482, 503-04, 993 P.2d 516, 537-38 (2000), overruled on other grounds by Blair v. Ing, 96 Hawaiʻi 327, 336, 31 P.3d 184, 193 (2001). Evidentiary rulings based on relevance are reviewed under the right/wrong standard. Estate of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 352, 152 P.3d 504, 524 (2007).

Upon careful review of the record and the briefs submitted, and having given due consideration to the arguments

3

advanced and the issues raised by the parties, we resolve the Birdsalls' arguments as follows:[2]

(1) The Birdsalls first contend the mortgage on the subject property (**Mortgage**), and the accompanying promissory note (**Note**), were void when made because the initial holder of the Mortgage and Note, ABN AMRO Mortgage Group, Inc. (**ABN**), did not exist at that time.[3] It is undisputed that ABN had merged with and into Citimortgage before the Mortgage and Note were executed. The Birdsalls contend that ABN is a "dead" corporation, and that it could not, as such, enter into a contract.

It is undisputed that Citimortgage is a New York corporation, and was the surviving entity in the merger with ABN. New York Banking Law § 602(3) (McKinney 1966), which

---

[2] We have reordered the Birdsalls' points of error, and we address only the discernible arguments that the Birdsalls raise in their opening brief. Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawai'i 438, 477, 164 P.3d 696, 735 (2007) ("[T]he court may disregard points of error when the appellant fails to present discernible arguments supporting those assignments of error[.]") (citation omitted). Section (1) of this disposition addresses the contentions set forth on pp. 26-29 and 39-40 of the Birdsalls' opening brief.

[3] Citimortgage sued to foreclose the Mortgage. The mortgagors of the subject property are Defendants/Cross-Claim Defendants-Appellees Michael Costa Brum, Sr. and Julie Pierrette Brum (the **Brums**). The subject property was owned by the Birdsalls at the time Citimortgage sued to foreclose, the Birdsalls having previously acquired the subject property via quitclaim deed, subject to all encumbrances. The Birdsalls counterclaimed, disputing Citimortgage's entitlement to foreclose.

governs mergers of banking corporations under New York law,[4]

provides that,

> any reference to a merged corporation in any contract, will or document, **whether executed or taking effect before or after the merger**, shall be considered a reference to the receiving corporation if not inconsistent with the other provisions of the contract, will or document[.]

(Emphasis added).  Under New York law, a merged corporation may

thus execute a contract post-merger, and the Birdsalls identify

no provision in the Mortgage or Note suggesting the loan funds

must be provided by ABN, such that it would be inconsistent with

their terms to consider the references to ABN as references to

Citimortgage.  The circuit court did not, therefore, err in

determining that the Mortgage and Note were valid as to

Citimortgage.

(2) The Birdsalls contend Citimortgage "flunked" the

test to establish standing to foreclose by failing to prove it

---

[4]     Citimortgage, into which ABN merged, is a New York corporation. It thus appears New York Banking Law § 602 controls with respect to the merger.  Though ABN was a Delaware corporation, the corporate merger statutes of Delaware, Hawaiʻi, and New York all suggest that the laws of the jurisdiction of the surviving entity govern the effect of the merger.  See generally Del. Code Ann. tit. 8, § 252 (West 2017); N.Y. Bus. Corp. Law § 907 (McKinney 2023); Hawaii Revised Statutes §§ 414-311 (2004), 414-311.6 (2004).  New York Business Corporation Law contains general provisions governing corporate mergers.  However, New York Banking Law § 602 applies specifically to lenders, and expressly addresses the effect of a contract by a merged entity executed after the merger.  See Matter of Khan v. Annucci, 186 A.D.3d 1370, 1372 (N.Y. App. Div. 2020) ("In the case of a conflict between a general statute and a special statute governing the same subject matter, the general statute must yield.") (citations omitted).

owned the Mortgage and Note at the time the complaint was filed.[5] They assert that the allonge to the Note (the **Allonge**), which was purportedly indorsed in blank by Citimortgage, and thereafter never left Citimortgage's possession, is "a phony" because the signature was forged, the signer was not employed by Citimortgage, and it was signed after the complaint was filed. These contentions lack merit.

To establish standing to foreclose, the "plaintiff must necessarily prove its entitlement to enforce the note" at the time the complaint was filed, "as it is the default on the note that gives rise to the action." Bank of America, N.A. v. Reyes-Toledo, 139 Hawai‘i 361, 368, 390 P.3d 1248, 1255 (2017). When an instrument is indorsed in blank, it "becomes payable to bearer and may be negotiated by transfer or possession alone until specially indorsed." Id. at 370, 390 P.3d at 1257.

The Birdsalls' conclusory arguments identify no credible evidence on which to conclude the circuit court clearly erred in determining that the Note was validly indorsed in blank before the complaint was filed, and that the original blank-indorsed Note thereafter never left Citimortgage's possession.

(3) The Birdsalls contend the circuit court erred in concluding that they would be unjustly enriched if Citimortgage

---

[5] Section (2) addresses the contentions set forth on pp. 27-29, and 41 of the Birdsalls' opening brief.

did not possess a valid first priority lien.[6]  The circuit court determined that Citimortgage was entitled to foreclose on the apartment as an alternative remedy "if the [N]ote or [M]ortgage are found to be invalid."  We decline to reach this issue, given our conclusion that the Note and Mortgage are not invalid.[7]

(4) The Birdsalls contend, without more, "[t]he order and judgment confirming the foreclosure sale must be vacated" and "[t]he judgment of foreclosure must likewise be vacated[.]"[8] In support of these arguments, the Birdsalls "incorporate by reference" their prior contentions that the circuit court erred in its findings and conclusions.  The Birdsalls' contentions lack merit, for the reasons set forth in this disposition.

(5) The Birdsalls contend the circuit court erred in excluding trial exhibits showing that the Mortgage and Note were not in ABN's loan "pipeline" at the time of the merger, and which thus "proved" that Citimortgage could not be successor in interest to ABN.[9]  The Birdsalls' contention lacks merit.

---

[6]     Section (3) addresses the contentions set forth on pp. 17-21 of the Birdsalls' opening brief.

[7]     The Birdsalls proceed, on pp. 17, 22-23 of their opening brief, to challenge several findings of fact and conclusions of law, entered by the circuit court on May 15, 2018, and June 21, 2018.  We determine that the Birdsalls have not demonstrated that these findings are clearly erroneous, nor that these conclusions are wrong.

[8]     Section (4) addresses the contentions set forth on pp. 29-30 of the Birdsalls' opening brief.

[9]     Section (5) addresses the contentions set forth on pp. 30-31 of the Birdsalls' opening brief.

The circuit court properly excluded such evidence as irrelevant to the triable issues because it had already previously determined, on summary judgment, that Citimortgage, as "successor by merger to ABN" "is the holder" of the Mortgage and Note, and therefore held a "valid first priority mortgage lien[.]"

(6) The Birdsalls contend the circuit court reversibly erred in denying their respective stay motions.[10] As we have rejected the Birdsalls' challenges to the Judgment on Foreclosure and Counterclaim, and Confirmation Judgment, the Birdsalls' argument regarding the circuit court's denial of its Motion to Stay Foreclosure is moot. See Wells Fargo Bank, N.A. v. Ah Chong, No. CAAP-12-0000421, 2015 WL 1265973 (Haw. App. Mar. 19, 2015) (SDO).

Moreover, the Birdsalls fail to provide an adequate record on which to conclude that the circuit court abused its discretion in denying their motion for a stay of the Attorneys' Fees Award. See In re RGB, 123 Hawaiʻi 1, 27, 229 P.3d 1066, 1092 (2010) ("[T]he burden is upon appellant . . . to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript.") (citations omitted).

---

[10] Section (6) addresses the contentions set forth on p. 32 of the Birdsalls' opening brief.

(7) The Birdsalls contend the Attorneys' Fees Award is excessive and not related to work performed in defending against their counterclaim.[11] For the reasons set forth below, we do not reach these arguments; we vacate the Attorneys' Fees Award on other grounds, in accordance with Cole v. City and County of Honolulu, 154 Hawaiʻi 28, 543 P.3d 460 (2024).

Citimortgage's post-judgment motion for attorneys' fees and costs (**Motion for Fees and Costs**) is deemed filed on January 2, 2019, for the purpose of calculating the 90-day period to resolve the motion. Buscher v. Boning, 114 Hawaiʻi 202, 221, 159 P.3d 814, 833 (2007) (deeming a prematurely filed post-judgment motion for attorneys' fees and costs to be filed "immediately after the judgment becomes final for the purpose of calculating the 90-day period" to resolve the motion, under Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(3)). The circuit court thus had until April 2, 2019, to resolve the motion. See Cole, 154 Hawaiʻi at 31-32, 543 P.3d at 463-64 ("The second clause [of HRAP Rule 4(a)(3)] requires the court to enter that post-judgment order within 90 days after the party files the motion. . . . Courts have no power to rule on a post-judgment motion after the 90-day period. . . . [HRAP

---

[11] Section (7) addresses the contentions set forth on pp. 24-27 of the Birdsalls' opening brief.

9

Rule 4(a)(3)] nullifies an order entered 90 days after a post-judgment motion.").

The circuit court disposed of the Motion for Fees and Costs via two orders: (1) a November 21, 2018 "Interim Order," which ruled that Citimortgage was entitled to an award of reasonable attorneys' fees and costs, and (2) the July 5, 2019 Attorneys' Fees Award, which awarded the actual fees and costs, thereby resolving the Motion for Fees and Costs. Because the Attorneys' Fees Award was entered *after* expiration of the 90-day deadline in HRAP Rule 4(a)(3), it is nullified. In the circumstances here, and in light of prior Hawai'i case law, we conclude that Citimortgage may reassert its claims for attorneys' fees and costs upon remand. See Victoria Ward Ctr., L.L.C. v. Gold Guys Holdings, LLC, Nos. CAAP-16-0000211, CAAP-16-0000581, CAAP-16-0000622, 2019 WL 2635689, at *12 (Haw. App. June 27, 2019) (mem. op.) (construing predecessor version of HRAP Rule 4(a)(3)); In re Int'l Union of Painters & Allied Trades, Painters Local Union 1791 v. Endo Painting Serv., Inc., Nos. CAAP-12-0000661, CAAP-12-0001094, CAAP-13-0000187, 2015 WL 3649836, at *4 (Haw. App. June 10, 2015) (mem. op.) (same).

For the foregoing reasons, we vacate the Attorneys' Fees Award. We affirm all other orders and judgments appealed

from, and remand for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawai'i, May 21, 2024.

On the briefs:

R. Steven Geshell
for Defendants/
Counterclaimants/
Cross-claimants-Appellants.

Benjamin M. Creps
for Plaintiff/Counterclaim
Defendant-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge