**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000483
07-MAY-2024
10:27 AM
Dkt. 130 SO**

NO. CAAP-19-0000483

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP,
DOING BUSINESS AS KAMEHAMEHA SCHOOLS,
Plaintiff/Counterclaim Defendant-Appellee,
v.
LIFE OF THE LAND PACIFIC, LLC, A LIMITED LIABILITY COMPANY;
THOMAS F. SCHMIDT; and BRIGIDA A. SCHMIDT,
Defendants/Counterclaimants-Appellants,
and
ROY Y. GAGAZA; PATRICIA Y. GAGAZA,
Defendants/Counterclaimants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10;
DOE LIMITED PARTNERSHIPS 1-10; DOE ENTITIES 1-10; AND
DOE GOVERNMENTAL UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 17-1-1618-10 DEO)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, and Wadsworth and Nakasone, JJ.)

This appeal stems from a lease dispute between
Plaintiffs/Counterclaim Defendants-Appellees Trustees of the
Estate of Bernice Pauahi Bishop, doing business as Kamehameha
Schools (**KS**), on the one hand, and Defendants/Counterclaimants-
Appellants Life of the Land Pacific, LLC (**LOLP**), Thomas F.
Schmidt, and Brigida A. Schmidt (collectively, **Appellants**) and
Defendants/Counterclaimants-Appellees Roy Y. Gagaza and Patricia

Y. Gagaza (together, the **Gazagas**), on the other hand.[1]
Appellants appeal from the January 7, 2019 "Final Judgment in
Favor of [KS] and Against [Appellants and the Gazagas]"
(**Judgment**) and the June 27, 2019 "Order Granting [KS's] Motion
for Attorneys' Fees and Costs" (**Fees and Costs Order**), both
entered by the Circuit Court of the First Circuit.[2]

On appeal, Appellants contend that the Circuit Court
erred in:  (1) granting KS's motion for summary judgment on
Appellants' counterclaims (**MSJ on the Counterclaims**) based on the
conclusion that the subject leases (**Leases**) provided an
unambiguous deadline for the completion of certain improvements
to the leased premises (**Premises**); (2) granting KS's motion for
summary judgment on its Complaint (**MSJ on the Complaint**) on the
same basis; (3) denying Appellants' requests for continuances
under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 56(f); and (4)
granting KS's January 18, 2019 motion for attorneys' fees and
costs, after the 90-day period to resolve the motion under HRAP
Rule 4(a)(3) had expired.

After reviewing the record on appeal and the relevant
legal authorities, and giving due consideration to the issues
raised and the arguments advanced by the parties, we resolve
Appellants' contentions as follows, affirming the Judgment and
vacating the Fees and Costs Order.

(1) and (2)  Appellants' first and second points of
error are based on the same argument – that in granting KS's
respective motions for summary judgment, "[t]he Circuit Court
erred in [concluding] . . . that the [L]eases for the properties
unambiguously provided that LOLP had to have a hotel built by
June 30, 2017."  In particular, Appellants challenge paragraph 6
of the court's October 9, 2018 order granting the MSJ on the

---

[1]     The Gazagas are nominal appellees and did not participate in
briefing.  See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 2.1 (defining
"nominal appellee").

[2]     The Honorable Dean E. Ochiai presided.

Counterclaims[3/] and paragraphs 3-5 of the court's December 10, 2018 order granting the MSJ on the Complaint.[4/]  Appellants argue that the Circuit Court erred in reaching these conclusions because the Leases "were at least ambiguous" as to whether the June 30, 2017 deadline applied to LOLP's attempts to obtain a zoning change and to build hotels on the subject properties.

"A lease is reviewed under the principles of contract law when the issue involves the interpretation of a lease provision." Joy A. McElroy, M.D., Inc. v. Maryl Grp., Inc., 107 Hawaiʻi 423, 429, 114 P.3d 929, 935 (App. 2005) (citing Pancakes of Hawaii, Inc. v. Pomare Properties Corp., 85 Hawaiʻi 300, 304, 944 P.2d 97, 101 (App. 1997)).  In such circumstances, the following contract principles apply:

> "[T]he construction and legal effect to be given a contract is a question of law freely reviewable by an appellate court." Brown v. KFC National Mgmt. Co., 82

---

[3/]    Paragraph 6 states:

The Leases provided that the lessee must develop the leased property within 36 months of the Leases.  The Leases provided, at bare minimum, apartment buildings must be put up on the parcels; namely, a 14-unit apartment building and a 16-unit apartment building.  The Leases did leave the option, at the sole risk of the lessee, to build a hotel.  But that was at the sole risk of the lessee, and it is clearly stated in the Leases.  Whatever the lessee chose, the lessee had to complete it within three years.  That is the plain reading of the lease contract.

[4/]    Paragraphs 3-5 state:

3.  The critical term here is whether or not there were any extensions of time beyond June 2017, that were granted by the lessors to the lessee when the lessee elected to pursue a different use of the properties than was originally contemplated when the lessee entered into the leases with Plaintiffs.

4.  The leases are clear.  The original development purpose for the subject properties was an apartment building.  The deadline to have that apartment building constructed was October 2016.  At some point the lessee decided to pursue building a hotel on the same properties.  Plaintiffs extended the deadline to June 2017.

5.  Plaintiffs' extension of the deadline was absolute.  The Court plainly reads the leases, as extended, to state you can build a hotel if you are able to but, if not, get an apartment building up and running by June 2017.  That did not occur.  Therefore, the breach occurred as of June 2017.

3

Hawai‘i 226, 239, 921 P.2d 146, 159 (1996) (citations and internal quotation marks omitted). "The determination whether a contract is ambiguous is likewise a question of law that is freely reviewable on appeal." Id. (citations omitted).

Contract terms are interpreted according to their plain, ordinary, and accepted sense in common speech. Cho Mark Oriental Food v. K & K Intern., 73 Haw. 509, 520, 836 P.2d 1057, 1064 (1992). The court's objective is "to ascertain and effectuate the intention of the parties as manifested by the contract in its entirety." Brown, 82 Hawai‘i at 240, 921 P.2d at 160 (citation and internal quotation marks omitted).

A contract is ambiguous when its terms are reasonably susceptible to more than one meaning. Airgo v. Horizon Cargo Transp., 66 Haw. 590, 594, 670 P.2d 1277, 1280 (1983). As a general rule, the court will look no further than the four corners of the contract to determine whether an ambiguity exists. State Farm Fire & Cas. Co. v. Pac. Rent-All, 90 Hawai‘i 315, 324, 978 P.2d 753, 762 (1999) (noting that the parties' disagreement as to the meaning of a contract does not render it ambiguous).

Hawaiian Ass'n of Seventh-Day Adventists v. Wong, 130 Hawai‘i 36, 45, 305 P.3d 452, 461 (2013).

Here, the Leases were not ambiguous. Read in their entirety, the Leases plainly required LOLP to complete the construction and development of specified apartment buildings on the Premises by October 1, 2016. KS subsequently extended this deadline to June 30, 2017. Additionally, the Leases permitted LOLP, at its sole risk and at its sole cost and expense, to seek such zoning changes, permits, approvals and other entitlements as may be required for LOLP's proposed hotel use of the Premises. The Leases made clear, however, that if LOLP elected to seek such entitlements, it would be at its sole risk, and that LOLP's inability to obtain such entitlements would not limit or affect its obligations under the Leases.

There is no dispute that LOLP did not complete the construction and development of the specified apartment buildings on the Premises by June 30, 2017.[5/] Paragraph 6 of the October 9, 2018 order granting the MSJ on the Counterclaims and paragraphs

---

[5/] We reject Appellants' alternative argument that even if the June 30, 2017 deadline applied to LOLP's proposed hotel use of the leased premises, the "force majeure" clause of the Leases applied to delays in obtaining a zoning change, thereby excusing LOLP from building hotels by the deadline. Among other things, LOLP's proposed hotel use was not an "act required under this Lease," so as to trigger the force majeure clause of the Leases.

3-5 of the December 10, 2018 order granting the MSJ on the Complaint are not wrong.  Accordingly, Appellants' first and second points of error are without merit.

(3)  Appellants contend that "[t]he Circuit Court erred in denying LOLP's request to complete discovery pursuant to HRCP Rule 56(f) before ruling on [KS's] motions for summary judgment."

> [A] trial court's decision to deny a request for a continuance pursuant to HRCP Rule 56(f) will not be reversed absent an abuse of discretion.  Additionally, <u>the request must demonstrate how postponement of a ruling on the motion will enable him or her, by discovery or other means, to rebut the movants' showing of absence of a genuine issue of material fact</u>.

<u>U.S. Bank Nat. Ass'n v. Castro</u>, 131 Hawaiʻi 28, 39, 313 P.3d 717, 728 (2013) (ellipsis omitted) (quoting <u>Acoba v. Gen. Tire, Inc.</u>, 92 Hawaiʻi 1, 9-10, 986 P.2d 288, 296-97 (1999)); <u>see</u> <u>Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co.</u>, 116 Hawaiʻi 277, 308, 172 P.3d 1021, 1052 (2007) (the party seeking a continuance under HRCP Rule 56(f) "<u>is required to show what specific facts further discovery might unveil</u>" (quoting <u>McCabe v. Macaulay</u>,450 F. Supp. 2d 928, 933 (N.D. Iowa 2006))).

Here, Appellants requested a Rule 56(f) continuance in a conclusory paragraph at the end of their memorandum in opposition to KS's MSJ on the Counterclaims.  Neither the memorandum nor the accompanying declaration of counsel identified specific facts that discovery might unveil or explained how those facts would (or could) create a genuine issue of material fact as to the construction of the Leases.  Appellants' memorandum in opposition to KS's MSJ on the Complaint similarly failed to show specific facts that further discovery might unveil, and did not include a declaration in support of Appellants' request for a Rule 56(f) continuance.

On this record, we conclude that the Circuit Court did not abuse its discretion in denying Appellants' requests for continuances under HRCP Rule 56(f).

(4)  Appellants contend that "[t]he Circuit Court erred in granting [KS]'s motion for attorneys' fees . . . ."  KS filed a motion for attorneys' fees <u>and costs</u> on January 18, 2019, pursuant to HRCP Rule 54(d) and Hawaii Revised Statutes §§ 607-9

5

and 607-14. The Circuit Court entered the Fees and Costs Order on June 27, 2019, granting the motion in full. Appellants argue that the Circuit Court erred because the motion was not disposed of within 90 days of its filing date, and thus was deemed denied by operation of HRAP Rule 4(a)(3).

Under HRAP Rule 4(a)(3), the Circuit Court had ninety days to resolve the January 18, 2019 motion for attorneys' fees and costs.[6] See Cole v. City and Cnty. of Honolulu, 154 Hawaiʻi 28, 31-32, 543 P.3d 460, 463-64 (2024) ("The second clause [of HRAP Rule 4(a)(3)] requires the court to enter that post-judgment order within 90 days after the party files the motion. . . . Courts have no power to rule on a post-judgment motion after the 90-day period. . . . [HRAP Rule 4(a)(3)] nullifies an order entered 90 days after a post-judgment motion."). The Circuit Court resolved the motion on June 27, 2019, more than 90 days after its filing date. Because the Fees and Costs Order was entered after expiration of the 90-day deadline in HRAP Rule 4(a)(3), it is "a nullity." HRAP Rule 4(a)(3). We therefore vacate the Fees and Costs Order.

Although KS's motion for fees and costs is deemed denied by operation of HRAP Rule 4(a)(3), KS is not without recourse as to its asserted right to attorneys' fees and costs. In the circumstances here, and in light of prior Hawaiʻi case law, we conclude it is appropriate to remand the case so that KS may reassert its claims for attorneys' fees and costs without prejudice from the deemed denial of its prior motion. See Victoria Ward Ctr., L.L.C., v. Gold Guys Holdings, LLC, Nos. CAAP-16-0000211, CAAP-16-0000581, CAAP-16-0000622, 2019 WL 2635689, at *12 (Haw. App. June 27, 2019) (mem.) (construing predecessor version of HRAP Rule 4(a)(3)); In re Int'l Union of Painters & Allied Trades, Painters Local Union 1791 v. Endo Painting Serv., Inc., Nos. CAAP-12-0000661, CAAP-12-0001094,

---

[6] The motion was timely under HRCP Rule 54(d)(2)(A) and (B), which requires that a motion for attorneys' fees and related nontaxable expenses be filed and served no later than 14 days after entry of an appealable order or judgment. With respect to its request for an award of costs, KS invoked both HRCP Rule 54(d)(1) and 54(d)(2)(A). We thus treat the request for costs as part of a motion extending the time for appeal ("tolling motion") under HRAP Rule 4(a)(3).

CAAP-13-0000187, 2015 WL 3649836, at *4 (Haw. App. June 10, 2015) (mem.) (same).

For the reasons discussed above, we affirm the January 7, 2019 "Final Judgment in Favor of Plaintiffs Trustees of the Estate of Bernice Pauahi Bishop, Doing Business As Kamehameha Schools and Against Defendants Life of the Land Pacific, LLC, Thomas F. Schmidt, Brigida A. Schmidt, Roy Y. Gagaza, and Patricia Y. Gazaga," and vacate the June 27, 2019 "Order Granting Plaintiff/Counterclaim Defendants Trustees of the Estate of Bernice Pauahi Bishop, Doing Business As Kamehameha Schools' Motion for Attorneys' Fees and Costs," both entered by the Circuit Court of the First Circuit.  We remand the case to the Circuit Court for KS to assert or reassert its claims for attorneys' fees and costs.

DATED:  Honolulu, Hawaiʻi, May 7, 2024.

On the briefs:

Samuel P. King, Jr.
for Defendants/Counterclaimants-
Appellants.

Dennis W. Chong Kee,
Christopher T. Goodin, and
Dana A. Barbata
(Cades Schutte LLP)
for Plaintiffs/Counterclaim
Defendants-Appellees.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge