**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000327
15-SEP-2025
07:46 AM
Dkt. 99 OP**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---o0o---


JOHN RAPP, Plaintiff-Appellee,
v.
THOMAS F. SCHMIDT and LORINNA J. SCHMIDT,
Defendants-Appellants


NO. CAAP-23-0000327


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC940000903)


SEPTEMBER 15, 2025


HIRAOKA, PRESIDING JUDGE, MCCULLEN AND GUIDRY, JJ.


OPINION OF THE COURT BY HIRAOKA, J.


This case is before us for the fourth time.  **Thomas** F. Schmidt and **Lorinna** J. Schmidt appeal from the post-judgment *Findings of Fact, Conclusions of Law and **Order***, entered by the Circuit Court of the First Circuit on April 4, 2023.[1]  The Schmidts' sole argument is that two **Judgments** against them became

---

[1]     The Honorable John M. Tonaki presided.

unenforceable in 2015.  At that time, a federal bankruptcy stay prevented execution of the Judgments against the Schmidts' assets.  We hold that the Bankruptcy Code's tolling provision, 11 U.S.C. § 108(c), preempts the 20-year repose date of Hawaii Revised Statutes (**HRS**) § 657-5.  The Schmidts do not otherwise challenge the Order.  We affirm.

## I.  BACKGROUND

This case began in 1994, when attorney John **Rapp** sued the Schmidts (his former clients) to recover unpaid fees and costs.  On August 29, 1995, the Circuit Court entered a *Judgment on Special Verdict* for Rapp and against the Schmidts.  On October 23, 1995, a *Supplemental Judgment* awarding Rapp prejudgment interest, attorney fees, and costs was entered.

The Schmidts appealed.  We vacated the award of attorney fees and remanded for redetermination of the amount. Rapp v. Schmidt, No. 19393, 1998 WL 35486 (Haw. App. Jan. 26, 1998) (SDO).

Rapp assigned his interest in the Judgments to **Turlington** Corporation on October 15, 1998.

On December 29, 2000, the Circuit Court entered an *Amended Supplemental Judgment* that redetermined Rapp's attorney fee award.

On August 26, 2005, Turlington timely moved to extend the Judgments under HRS § 657-5.  The statute in effect at the time provided:

> Unless an extension is granted, every judgment and decree of any court of the State shall be presumed to be paid and

2

> discharged at the expiration of ten years after the judgment or decree was rendered. . . . A court shall not extend any judgment or decree beyond twenty years from the date of the original judgment or decree.

HRS § 657-5 (Supp. 2004).

The Circuit Court granted the motion to extend. The Schmidts appealed. We affirmed. Rapp v. Schmidt, No. 27883, 2008 WL 4001189 (Haw. App. Aug. 29, 2008) (SDO).

On January 14, 2015, Turlington moved to correct the dates on the order granting its motion to extend. The Circuit Court granted the motion.[2] The Judgment on Special Verdict was extended to August 29, 2015, and the Supplemental Judgment was extended to October 23, 2015.

An *Alias Writ of Execution* on the Judgments was issued on July 17, 2015. Thomas filed for Chapter 13 bankruptcy thirteen days later. That stayed proceedings to enforce the Judgments against Thomas. 11 U.S.C. § 362(a)(2).[3] The Chapter 13 automatic stay also applied to Lorinna, Thomas's co-debtor. 11 U.S.C. § 1301(a).[4]

---

[2]     The Honorable Karen T. Nakasone presided.

[3]     11 U.S.C. § 362(a) (eff. Dec. 22, 2010) provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of–"

>      . . . .

>      (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title[.]

[4]     11 U.S.C. § 1301 (eff. July 10, 1984) provides, in relevant part:

>    (a) Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless–

(continued...)

Thomas's bankruptcy was converted to Chapter 11 on December 3, 2015.  The automatic stay then terminated as to Lorinna.  11 U.S.C. § 1301(a)(2).  On December 4, 2015, Turlington executed the Judgments against real property owned by Lorinna.

The bankruptcy court dismissed Thomas's case on January 6, 2016.  The dismissal terminated the automatic stay.  11 U.S.C. § 362(c)(2)(B).  On January 6, 2016, Turlington executed the Judgments against real property owned by Thomas.

Meanwhile, on April 29, 2015, Lorinna moved to vacate the order extending the Judgments.  Thomas joined.  The Circuit Court denied the motion and joinder.  The Schmidts appealed.  We affirmed the extension, but remanded for the Circuit Court to decide whether the Schmidts had satisfied the Judgments.  Rapp v. Schmidt, No. CAAP-15-0000541, 2019 WL 4899210 (Haw. App. Oct. 4, 2019) (mem. op.).

On remand, the Schmidts filed a memorandum arguing they satisfied the Judgments; they also argued the Judgments "are now extinguished or dead" under HRS § 657-5.[5]  The Circuit Court conducted an evidentiary hearing.  The Order (from which this appeal is taken) was entered on April 4, 2023.  The Circuit Court found the Schmidts lacked credibility.  It concluded that

---

[4]      (...continued)
         . . . .

              (2) the case is closed, dismissed, or converted to a
         case under chapter 7 or 11 of this title.

[5]      The version of the statute applicable at that time, HRS § 657-5 (2016), was materially identical to HRS § 657-5 (Supp. 2004).

Turlington owned the Judgments; $668,293.22 was owed on the Judgments as of February 2, 2016; and the Schmidts did not prove they satisfied the Judgments. The Order did not address the Schmidts' argument that the Judgments were "extinguished or dead" under HRS § 657-5.

This appeal followed.

## II. POINTS OF ERROR

The Schmidts state three points of error: (1) the Circuit Court should have ruled that the Judgments expired before they were executed against the Schmidts' properties; (2) the Order is moot because the Judgments expired in 2015; and (3) the Order violated the Schmidts' constitutional rights to due process and equal protection.

## III. STANDARDS OF REVIEW

### A. Statutory Interpretation

Interpretation of a statute is a question of law reviewed de novo. Kauai Springs, Inc. v. Plan. Comm'n of Cnty. of Kaua'i, 133 Hawai'i 141, 163, 324 P.3d 951, 973 (2014). Giving effect to the statute's plain language is our foremost obligation. Id.

### B. Federal Preemption

"Questions of federal preemption are questions of law reviewable de novo under the right/wrong standard." City & Cnty. of Honolulu v. Sunoco LP, 153 Hawai'i 326, 340, 537 P.3d 1173, 1187 (2023) (cleaned up), cert. denied sub nom. Shell PLC v. City

& Cnty. of Honolulu, 145 S. Ct. 1111, 220 L. Ed. 2d 413 (2025), and cert. denied sub nom. Sunoco LP v. City & Cnty. of Honolulu, 145 S. Ct. 1111, 220 L. Ed. 2d 413 (2025).

## IV. DISCUSSION

### A. The HRS § 657-5 20-year repose date is preempted by 11 U.S.C. § 108(c)(2).

The Schmidts argue the August 29, 1995 Judgment on Special Verdict became unenforceable on August 29, 2015, and the October 23, 1995 Supplemental Judgment became unenforceable on October 23, 2015, under HRS § 657-5.[6]  That is the result called for by the plain language of the statute.

Turlington counters:  "It would be manifestly unfair if a debtor subject to a judgment which was about to expire could simply file a bankruptcy petition to prevent creditors from enforcing the judgment and then wait until the judgment expired to dismiss the bankruptcy petition."  The remedy, Turlington contends, is provided by section 108 of the Bankruptcy Code.

11 U.S.C. § 108 (eff. Oct. 17, 2005) provides, in relevant part:

> (c) Except as provided in section 524 of this title [("Effect of discharge")], if applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section . . . 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

---

[6]  The parties make no argument concerning the December 29, 2000 Amended Supplemental Judgment. See generally Est. of Roxas v. Marcos, 121 Hawaiʻi 59, 72-73, 214 P.3d 598, 611-12 (2009) (discussing when amended judgment is "original judgment" for purposes of HRS § 657-5).

> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 30 days after notice of the termination or expiration of the stay under section 362 . . . or 1301 of this title, as the case may be, with respect to such claim.

The Judgments were enforceable when Thomas filed his Chapter 13 bankruptcy petition. Turlington could not execute the Judgments against Thomas's or Lorinna's assets because the Chapter 13 automatic stay protected both Thomas and Lorinna. The Judgments became unenforceable under HRS § 657-5 before the automatic stays were terminated — unless the state statute was preempted by 11 U.S.C. § 108(c)(2)'s tolling provision.

One type of preemption is *express preemption*, where Congress preempts local law through express language in a statute. <u>Sunoco</u>, 153 Hawaiʻi at 356, 537 P.3d at 1203 (citing <u>Oneok, Inc. v. Learjet, Inc.</u>, 575 U.S. 373, 376, 135 S. Ct. 1591, 191 L. Ed. 2d 511 (2015)). That is what 11 U.S.C. § 108(c)(2) does. Under the federal statute, if state law fixes a 20-year period for enforcing a judgment in state court and the judgment debtor files for bankruptcy before the period expires, then the 20-year period doesn't expire until the later of twenty years after entry of the original judgment (including any suspension) or thirty days after the bankruptcy stay terminates or expires.

The United States Court of Appeals for the Second Circuit applied 11 U.S.C. § 108(c) to a New York statute similar to HRS § 657-5, albeit without engaging in a formal preemption analysis. It was presented with the following question:

> Does a judgment lien, normally valid under New York law for a period of ten years, remain enforceable after expiration of the ten-year period when during that period the property subject to the lien becomes part of a bankrupt estate protected by the automatic stay imposed by 11 U.S.C. § 362(a)?

In re Morton, 866 F.2d 561, 561 (2d Cir. 1989).

The Second Circuit held "the tolling provisions of [11 U.S.C.] § 108(c) apply to New York's ten-year period governing judgment liens on real property." Id. at 566. The court noted Congress recognized that filing bankruptcy could give a debtor an unfair advantage over a judgment creditor by allowing the debtor to remain protected by the automatic stay until the judgment lien period expired. Id. So "congress acted to solidly preserve the rights of a party 'stayed from commencing or continuing an action against the debtor because of the bankruptcy case'." Id. (quoting S.R.Rep. No. 95-989, 95th Cong., 2d Sess. 30 (1978); H.R. No. 95-595, 95th Cong., 2d Sess. 318 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787). "It did so by extending the period for 'commencing or continuing a civil action' against the debtor to, at a minimum, 30 days after termination or expiration of the automatic stay." Id. at 566-67 (quoting 11 U.S.C. § 108(c)).

We agree with the Second Circuit's analysis. We hold that 11 U.S.C. § 108(c)(2) expressly preempts HRS § 657-5 under the circumstances of this case. Cf. United Public Workers, AFSCME, Local 646 v. Houghton, 139 Hawaiʻi 138, 144, 384 P.3d 914, 920 (App. 2016) (supreme court's stay of circuit court

8

judgment pending appeal tolled running of deadline to extend judgment until stay was lifted).

The bankruptcy stay terminated as to Lorinna on December 3, 2015, when Thomas's bankruptcy was converted to a Chapter 11 case. Under 11 U.S.C. § 108(c)(2), Lorinna's repose date was extended to Monday, January 4, 2016. See Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 6(a).[7]

The bankruptcy stay terminated as to Thomas on January 6, 2016, when his case was dismissed. 11 U.S.C. § 362(c)(2)(B). Under 11 U.S.C. § 108(c)(2), Thomas's repose date was extended to February 5, 2016.

### B. The Circuit Court's Order is not moot.

"A case is moot if the reviewing court can no longer grant effective relief." Wilmington Sav. Fund Soc'y, FSB v. Domingo, 155 Hawaiʻi 1, 13, 556 P.3d 347, 359 (2024).

The Circuit Court complied with our mandate "to conduct an evidentiary hearing to resolve the issue of whether the Rapp Judgments have been satisfied." 2019 WL 4899210, at *4. Its Order concluded the Judgments had not been satisfied and the Schmidts owed $668,293.22 on them as of February 2, 2016.

The Circuit Court's ruling was not moot because the

---

[7] HRCP Rule 6 (eff. 2000) provides, in relevant part:

(a) Computation. In computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event, or default after which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday or a holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a holiday.

Judgments remained enforceable against Lorinna on December 4, 2015, when Turlington executed them against Lorinna's real property. Similarly, the Judgments remained enforceable against Thomas on January 6, 2016, when Turlington executed them against Thomas's real property. The Circuit Court's Order could — and did — grant Turlington effective relief.

> **C. The Schmidts' argument about violation of their constitutional rights is not properly before us.**

The Schmidts make a conclusory argument that "the Circuit Court violated [the] Schmidts' constitutional rights to due process and equal protection by denying their motion to vacate the 4 April 2023 decisions thereby exposing their property and ownership interests therein to a void expired judgment."

The Schmidts' *Motion to Vacate* the April 4, 2023 Order was filed on April 13, 2023. The Schmidts did not state the authority upon which the motion was made. The only argument made was that the Order "is absolutely void since the Judgment expired in 2015 per HRS § 657-5[.]" The Motion to Vacate thus had to have been made under HRCP Rule 60(b)(4) (allowing relief if "the judgment is void"), and cannot be construed as an HRCP Rule 59(e) motion to alter or amend the Order.

HRCP Rule 60(b) motions are not tolling motions. Deutsche Bank Nat'l Tr. Co. v. Amasol, 135 Hawai‘i 357, 360 n.1, 351 P.3d 584, 587 n.1 (2015) (Nakayama, J. concurring in part). "HRCP Rule 60(b) motions do not become appealable until after the court enters a written order disposing them." Id. The Schmidts

filed the notice of appeal creating this case before the Circuit Court announced a decision on their Motion to Vacate.[8]  See HRAP Rule 4(a)(2) (about notice of appeal filed after announcement of decision but before entry of written order).  The Schmidts' challenge to the (eventual) denial of their Motion to Vacate is not properly before us.

## V.  CONCLUSION

The Schmidts do not challenge the Circuit Court's findings of fact or its conclusions of law.  The April 4, 2023 *Findings of Fact, Conclusions of Law and Order* is affirmed.

On the briefs:

R. Steven Geshell,
for Defendants-Appellants
Thomas F. Schmidt and
Lorinna J. Schmidt.

Jerry A. Ruthruff,
for Turlington Corp., as
Assignee for Plaintiff-
Appellee John Rapp.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge

---

[8]  We take judicial notice under Rule 201, Hawaii Rules of Evidence, Chapter 626, Hawaii Revised Statutes (2016), that the Circuit Court entered a minute order denying the Motion to Vacate on July 12, 2023 (more than two months after the Schmidts' notice of appeal was filed).  No written order has been entered.